EMMONS *vs.* CAIRNS and others.

Barbour.
3b 243
50ad226

A testator gave to his wife, for life, all the income, rents and profits of his real and personal estate ; and after her death he gave the like interest to T. for life, out of which she was to support three infants, W., J., and E.   Next he gave the whole rents and income after T.'s death, to W., J., and E., for life, as joint tenants ; and then gave the residue of his estate to E., absolutely and in fee, after bequeathing her $50,000 when she should become of age.   The testator then directed that if E. should die without children or issue, the whole residue of his estate should go to his cousins; *Held* that there was no trust created by the devise of the income to T. for life ; that she took the estate charged with the support of W., J., and E. ; and that her interest was alienable, subject to the charge. That the life estate of the widow being also alienable, neither of those devises suspended the power of alienation, contrary to the statute.

*Held also*, that the bequest of $50,000 to E. was valid, although it was contingent, and only to vest upon her arriving at the age of twenty-one.

A person having only a remote and contingent interest in the residue of personal property bequeathed to others is not entitled to a decree directing the legatees to file an inventory thereof.   Such a decree can only be made in favor of a party having a vested interest in the property, with the right to possession deferred.

IN EQUITY.   This was an appeal from a decree of the late assistant vice chancellor of the first circuit, giving a construction to the will of George Rapelye deceased.   For a statement of the case, and a copy of the will, *see* 2 *Sandford's Ch. Reports,* 369.

*C. O'Conor,* for the appellants.

*N. D. Ellingwood & Geo. Wood,* for the respondents.

*W. C. Noyes,* for other defendants having the same interest as the respondents.

*By the Court,* SILL, J.   It was held by the assistant vice chancellor that Mrs. Cairns took a life estate in trust, under the will, which, under our statutes, is inalienable ; and there

being a prior life estate devised to Mrs. Rapelye, the effect was to suspend the power of alienation of the realty, and the absolute ownership of the personalty, during the lives of these two persons. It is contended by the appellants, that, conceding that Mrs. Cairns took a trust estate, still the power of alienation was suspended during her life only. That upon the death of Mrs. Cairns the impediment to alienation is removed, though Mrs. Rapelye be still living; and that in any event the suspense operates only during the life of the former. It is not considered necessary to decide this point, in order to dispose of this case; and as all the members of the court are not prepared to express an opinion upon it, it is passed without decision.

I think, however, that there is no trust created by the devise to Mrs. Cairns. She takes the estate not in trust for the children named in connection with the devise, but charged with their support. Her interest is alienable, subject to the charge. And the life estate of Mrs. Rapelye being also alienable, neither of these devises suspend the power of alienation. (*Richards* v. *Merrill*, 13 *Pick.* 408. *Simonds* v. *Simonds*, 3 *Metcalf*, 558.) The 8th clause of the will indeed appoints Mrs. Cairns "trustee of the property devised to the children," but this language, and the design evinced by it, are satisfied by applying it to legacies given absolutely to them by the 4th clause of the will. But conceding the decision of the vice chancellor to have been correct upon the points above referred to, the bequest to Ellen Eliza Smith of $50,000 is valid, although it was contingent, to vest upon her arriving at the age of twenty-one years. The absolute ownership of personal property cannot be suspended for a longer period than the continuance of not more than two lives in being at the death of the testator. (1 *R. S.* 773, § 1.) The argument of the respondents is, that the legacy, vesting only on the contingency of the arrival of the legatee at the age of twenty-one years, the absolute ownership is suspended during her minority, in addition to the period of the two lives of Mrs. Rapelye and Mrs. Cairns, and is therefore void. The term "*suspense of absolute ownership*," applied to personal property, means the same thing as "*suspense of the power of*

*alienation,"* applied to real property. (*Gott* v. *Cook,* 7 *Paige,* 543. *S. C. affirmed on appeal,* 24 *Wend.* 641.) And this power of alienation, or absolute ownership, is suspended only while there are no persons in being and ascertained, by whom an absolute interest can be conveyed. (1 *R. S.* 723, § 14, *and case above cited.*) The bequest created in Ellen Eliza Smith, a future contingent interest in personal property, which is made subject to the same rules as the statute makes applicable to future interests in lands. (1 *R. S.* 773, § 2.) This interest is made alienable, therefore, by 1 *R. S.* 725, § 35, and *Id.* 723, §§ 9 to 13. These sections define what are expectant estates, and in terms make them alienable. And they have been held to apply to contingent interests in personal property. (*Lawrence* v. *Bayard,* 7 *Paige,* 76.) The contingent interest of those who would take in case the legacy should lapse by the death of Ellen before majority, is by the same law made alienable, and they, joining with the guardian of the infant legatee, could vest in a purchaser the absolute ownership of the legacy. (*See Gott* v. *Cook, above cited.*) Again; the testator, besides declaring in his will that this girl is the principal object of his bounty, and otherwise evincing that provision for her is his general and paramount intention, declares that this bequest shall take effect, any thing else contained in the will to the contrary notwithstanding. If this or the devise to Mrs. Cairns must fail, he has declared which shall yield. This is his unequivocal direction, in accordance also with his general intent, deducible from the instrument; and if it were necessary to decide against either, because they cannot stand together, it would be the duty of the court, in my opinion, to pronounce against the devise to Mrs. Cairns.

Another view of the case is given by the late learned chancellor, who, upon the decision of an interlocutory motion in this cause, had occasion to give his opinion upon the validity of this $50,000 legacy. He concludes that the legacy is to be regarded as a sum carved out of the estate, and set apart to be paid to Ellen Eliza Smith in case she arrives at age; and that it does not pass, and is not operated upon, by the devises to the

Emmons v. Cairns.

widow and Mrs. Cairns.  (*See Hone and others, ex'rs, &c.* v.
*Van Schaick and others,* 3 *Barb. Ch. Rep.*      .)   In this view
of the case I also concur.   The remaining question is whether
the plaintiff takes any interest in the residue of the personal
property, which will entitle him to an inventory.   The bill con-
tains no allegation that the personal property of the testator
exceeds the amount of the legacies left by the will; and for
this reason, as the case stands, he could not have such a
decree.

He also claims as next of kin to the testator; thus in effect
resting his claim upon the invalidity of the 9th clause in the
will.   But the testimony shows his relationship to the testator
to be too remote to enable him to take under the statute of dis-
tributions.   And he clearly can have no interest in the personal
estate, unless it is derived under this 9th clause—which, by his
position in his bill, he virtually repudiates.   Here again the ex-
amination might perhaps with propriety be suspended.   But,
as the question would be left open for further controversy in
other suits, it may be well to look at the rights of the parties,
as presented by the will itself.   This inquiry will involve a
construction of the residuary devise to Ellen Eliza Smith.

It was contended by one of the counsel for the respondents,
that the effect of the 6th clause of the will was to give her only
a life estate in the residuum of the testator's property.   His
view of the question cannot be sustained, and so the other coun-
sel on the same side admitted.   She took a fee of some kind,
and the only difficulty in the case consists in determining its
character.   This is to be ascertained by reference to the stat-
utes relating to realty.   And I shall, for convenience, adopt the
course of the counsel on the argument, and speak of the case
as though an interest in land were the matter in controversy.
The appellants contend that as the law stood prior to our stat-
ute abolishing entails, the 6th clause of the will would have
created an estate tail in Ellen Eliza Smith and the heirs of her
body; and there being no valid remainder limited upon it, an
absolute fee vests in the devisee.   On the other side it is con-
tended that she took a fee, defeasible on her dying without

issue ; and that such an estate is void as suspending the power of alienation beyond the period allowed by law. "Every estate which would be adjudged a fee tail, according to the law of this state as it existed previous to the twelfth day of July, one thousand seven hundred and eighty-two, shall hereafter be adjudged a fee simple, and if no valid remainder be limited thereon, shall be a fee absolute." (1 *R. S.* 722, § 3.) This section, in its broadest sense, is comprehensive enough to embrace the case under consideration ; for as the law stood prior to 1782, I am of the opinion that the estate taken by Ellen Eliza Smith in the residue of the testator's property would be adjudged a fee tail. (*Patterson* v. *Ellis*, 11 *Wend.* 261.) The very elaborate opinion of Mr. Justice Savage, in the case cited, was adopted as the opinion of the court for the correction of errors. He came to the conclusion that the words "dying without issue," or "without issue of his body," (the same substantially as used here,) means an indefinite failure of issue. (*See also Rathbone* v. *Dykeman*, 3 *Paige*, 30.) Making the interest in question an estate tail, as the law stood before the statute abolishing entails. The cases cited arose before the passage of the revised statutes, which have changed the construction given by these cases, to the language cited from the will. By 1 *R. S.* 724, § 22, it is enacted, "When a remainder shall be limited to take effect on the death of any person without heirs, or heirs of his body, the words heirs or issue shall be construed to mean heirs or issue living at the death of the person named as ancestor." This section, though not in force till 1830, was intended no doubt to operate on all instruments published after the time it took effect as a law, and to have its effect in determining what estate was designed to be created. This statute virtually interpolates into the ninth clause of the will the words "living at her death," and by the aid thus derived in giving it construction, the interest which passes by the residuary clause is plainly defined. Ellen Eliza Smith takes a fee determinable upon the contingency of her dying, leaving no issue surviving her. Such indeed is the view taken by one of the respondents' counsel ; he insisting, however, that such estate is inalienable until it is

ascertained whether the contingency which may divest it shall happen. I do not so regard it. The whole interest vests in Ellen Eliza Smith, as the term fee imports. During her life she, or any person who might derive title to it from her, may use and enjoy it as perfectly as though she took an absolute estate. The entire interest vests in her, subject only to be divested on her death leaving no issue surviving. Her children would not take as purchasers or legatees under the will, but as heirs inheriting from her. They may be cut off by her grant in her lifetime, and her grantee would take an estate which would become absolute in him at her death if she then leave issue.

The contingent expectant interest of the plaintiff, (if he have any,) either as heir of the testator or as ulterior remainderman under the ninth clause of the will, is also made alienable by the statute, and a release from him and the others standing in the same position, would vest a present fee absolute in Ellen Eliza Smith. The persons who must take this contingent remainder in case it should ever be effectuated, must be ascertained at the death of the testator. (*Moon* v. *Lyon*, 25 *Wend.* 119.) They, uniting with Ellen Eliza Smith in a grant, would convey an absolute fee vesting immediately in interest, and on the death of the two tenants for life, in possession. (*Prest. on Estates*, 479, 484.) The 6th clause of the will does not therefore incumber the estate with any suspense of the power of alienation, or, in other words, as applicable to this case, the absolute ownership is not suspended by that clause.

Without holding the 9th clause of the will valid, there is no pretence whatever for allowing a decree for an inventory. Upon this question the counsel for the respondents themselves differed; one admitting it to be void, the other insisting it was good. The counsel for certain defendants having the same interest as the respondents, admitted that he had been unable to form an opinion on the point satisfactory to himself. Under such circumstances, I think the court may be excused for not deciding the point, if the case can properly be disposed of without doing so. But I confess that I am unable to see why it

may not be sustained as a valid, contingent executory devise. Supposing this to be the case, (without however deciding that question,) I am of the opinion that the plaintiff is not entitled to an inventory. I have found no authority or decision, and none was cited, where a decree for an inventory has been made in favor of a party having only a remote and contingent interest, like that claimed by the plaintiff here. It has been allowed only where the party seeking it has a vested interest, with the right to possession deferred. The plaintiff here has no certain interest which he can call upon the court to protect; and the expectation that he ever will have any, depends upon a very remote, and not very probable, contingency. The decree asked for might result in an unjust intermeddling with property in which the plaintiff never can have any interest. The probabilities are at least as strong that way as the other, and to allow it, would, in my opinion, be inconsistent with that absolute interest and unmolested enjoyment to which Ellen Eliza Smith is entitled, and those who may claim under her, until the contingency happens which may divest her estate.

The decree should be reversed, and the bill be dismissed with costs in both courts.

