ORANGE COUNTY.—HON. GILBERT O. HULSE, SURROGATE.—JUNE, 1871.

## EDSALL *v.* WATERBURY.

*In the matter of the final accounting of* JAMES E. WATERBURY, *executor of the Last Will of* RICHARD B. EDSALL, *deceased.*

Under a gift to *A.* of the interest to accrue on all testator's estate during *A.'s* life, " and at her death to be distributed as follows : the sum of $1,000, to *B.*" &c. the executor is by implication, trustee of the fund during the life of *A.*

A gift to testator's wife made, and by her accepted, in lieu of dower, does not preclude her claim to share in a surplus of personality undisposed of by the will.

The fact that the surplus is only a remainder after the termination of a life estate, given to the widow herself, does not alter the case. The right to the shares in remainder undisposed of by the will vests on the testator's death, in the widow and next of kin, by force of the statute of distributions, although such shares are not payable till her death, when her share will be payable to her personal representatives or next of kin.

THIS was a proceeding for the final settlement of the accounts of James E. Waterbury, executor of the last will and testament of Richard B. Edsall, deceased.

The decedent by his will disposed of his property as follows, viz :

First : I give and bequeath to my wife Anna Edsall, the interest that may accrue on all my estate, both personal and real, during her natural life, to be accepted and received by her in lieu of dower or right of dower, and at her decease to be distributed as follows :

The sum of one thousand dollars to my daughter Mary Catherine Drew.

The sum of one thousand dollars to my daughter Sally Harrison.

The sum of twenty-five dollars to each of my grandchildren James E. Rhodes and Anna Rhodes.

The sum of one hundred dollars to each of the surviving children of deceased daughter, Eliza Rickey.

It appeared from the account filed by the executor upon this settlement that there came into his possession personal property of the deceased, amounting to $15,315.23, that he owned no real estate at the time of his death, and that there was to be deducted and allowed to the executor, for expenses of administration, funeral expenses, debts &c., the sum of $2,970.25, leaving a net balance of $12,344.88.

DURYEA & BACON, *for the executor.*

D. F. GEDNEY, *for* ANNA EDSALL, *widow.*

SHARPE & WINFIELD, *for the children and grandchildren.*

THE SURROGATE.—The first question presented is, who is to have charge of the fund during the life of the widow? It may be noticed that the will makes no provision in this respect.

I have examined the law upon this point and have come to the conclusion that the executor in such case is the trustee. I have had considerable difficulty in reaching this conclusion, and do so upon the trust implied in law and from the intent of the testator, relying upon the following authorities (*Covenhoven* v. *Shuler*, 2 *Paige*, 122; *Clark* v. *Clark*, 8 *Paige* 160).

The next question is, did the deceden die intestate as to the balance, after taking from the $12,344.88 the above named legacies?

There seems to be a balance of nearly $9,000, which is not disposed of by the will.

At common law, the whole personal estate upon the death of a testator, devolved upon his executor; and if, after payment of the funeral expenses, testamentary charges, debts and legacies there was any surplus, it would vest in him beneficially. And in equity *prima facie* the rule was the same as at law. But this rule was controlled in all cases where a necessary implication or strong presumption appeared that the testator meant to give only the office of executor, and not the beneficial interests in the residue. In all such cases the executor was considered the trustee for the next of kin of the testator, or, in cases where no next of kin could be found, as trustee for the crown. (*Will. on Ex.* 1327.)

But now, by statute, the rule is changed, and where there is a will, the surplus remaining after the payment of the debts and legacies, if not bequeathed, is to be distributed to the widow or next of kin of the deceased. (2 *R. S.* 98, § 75.)

I find no difficulty therefore in deciding this question.

Here is a balance belonging to this estate of about $9,000 which the decedent has not bequeathed or disposed of, and the statute above cited makes it my duty to order it distributed to the widow, children, or next of kin.

The will provides that the widow shall have the accrued interest and income of the whole estate during her natural life, to be received by her in lieu of dower or right of dower, and I am asked to decree that she take none of the undisposed part of said estate. But I have no authority to do that. The testator is presumed to know the law, and he made this will, as I must presume, knowing that she would share in the portion not bequeathed by him. I cannot say she shall not participate in the distribution when the statute says she shall.

Again, it is objected that she cannot have her share of this portion not bequeathed during her natural life, and she could take none after her death. To this the answer is that the share of the widow in the unbequeathed portion vests immediately upon the death of her husband, and she may will or otherwise dispose of it during her life, to take effect in possession upon her death.

I think the case upon this point is precisely like the case of *Sweet* v. *Chase*, (2 *N. Y.* 73) where a legacy of $400 was given to the widow, to be paid out of the real estate of the testator, and he gave the use of all his real estate to his widow, during her natural life, and upon her death, he directed his executor to sell his real estate. It was held that the legacy of $400 vested in the widow. She married again and died, after which the real estate was sold and enough realized to pay everything, including this legacy, and her husband brought suit as her, representative, for the $400, and he recovered; the Court of Appeals sustaining the recovery.

I cannot distinguish these cases. The legacy in the case cited vested on the death of the testator, but was not payable until after the death of the widow. In the case at bar the distributive share vested in the widow, upon the death of Mr. Edsall, but is not payable till after her death, and then only to her personal represent atives or next of kin.

Let the decree presented by the executor herein conforming to these views be entered of record.

Decree accordingly.