NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.— November, 1881.

RICHARDS *v.* MOORE.

*In the matter of the probate of the will of* JOHN P. MOORE, *deceased.*

The testator, by the first clause of his will, directed his debts, etc., to be paid. By the second, he gave to his wife the net income of all his property, for life; the same, after her death, to three children. in equal shares, for life; the principal, after their death, to grandchildren. By the third, he gave certain legacies, payable out of the income. By the fourth, he nominated "trustees" to carry his will into effect, without liability to give security. On an application for construction, etc., of the will, as respects personal property,—*Held,*

1. That so much of the second clause as suspended the absolute ownership of property, was void, under 1 *R. S.*, 773, § 1, as effecting such suspension for more than two lives in being at the testator's death.

2. That so much of the same clause as bequeathed income to the wife for life, was inseparable from the illegal portion, and fell with it; not being a separate, valid trust, nor unessential to the general scheme of the will.

3. That the remainder of the will, including the bequests contained in the third clause, was valid; and that, in other respects, the decedent died intestate.

4. That the language of the will showed an intent to confer, upon the persons named as trustees, the functions, also, of executors, and that the use of the former term, only, was to be deemed an inadvertence.

Van Schuyver *v.* Mulford, 59 *N. Y.*, 426; and Manice *v.* Manice, 43 *Id.*, 303,—distinguished.

APPLICATION for a determination of the validity, con-

struction, and effect of the disposition of decedent's personal property, as contained in his will, propounded by George G. Moore, one of the executors.

The first clause of the will directed the payment of debts and funeral expenses. The second was as follows : "I give, devise, and bequeath to my beloved wife, Eliza Jane Moore, the whole of the income that may be received from both my real and personal property of every kind, and direct that she shall pay, or cause to be paid, out of said income, all taxes, assessments and repairs that may be necessary to keep said property as productive as possible and free from debt, and that she shall have the use of said net income as long as she shall live, together with the use of my dwelling-house and lot, known as No. 124 Madison Avenue, in the city of New York, together with all the furniture, silver plate, pictures, books, and all articles appertaining to my dwelling-house, for and during her natural life ; and after her decease, that then said house shall be rented, and the whole of the income, after deducting all taxes and assessments and repairs, and any other expenses that may be necessary to secure said net income, shall be divided, share and share alike, between my son, George G. Moore, and my daughters, Hannah H. Moore and Elizabeth G. Moore, for and during their natural lives ; and after their decease, then the whole of the property, real and personal, shall be divided, share and share alike, among all my grandchildren that may then be living."

By the third clause, decedent gave pecuniary legacies to each of his grandchildren "in lieu of sharing in the income," and certain other pecuniary legacies ; all payable " out of the income, as soon as may be convenient."

By the fourth clause, he nominated trustees to carry his will into effect.

John P. M. Richards, one of the next of kin, and the special guardian of certain infant next of kin, expressly put in issue the validity, construction and effect of the disposition of the personal property of decedent contained in the will, pursuant to section 2624 of the Code.

The questions for consideration were whether there was an unlawful suspension of the ownership of the personal property, attempted to be disposed of by the will, and if so, what was the effect of such unlawful suspension upon the other provisions of the will, and how the property thus attempted to be disposed of was to be distributed.

ROE & MACKLIN, *for proponent.*

FORBES & SAGE, *for J. P. M. Richards.*

CHARLES J. BRECK, *for infant legatees.*

THE SURROGATE.—The terms of the will are somewhat peculiar and indefinite. By the second clause, there is a bequest to the widow of the whole income of the personal property, after the payment of debts and funeral expenses, with direction that she pay taxes, etc., including the use of furniture, etc., and, after her death, the net income thereof to be equally divided between testator's son George, and his two daughters, Hannah and Elizabeth, during their lives, when the property is to be divided between his then living grandchildren.

By the next clause, he bequeaths legacies to several of his grandchildren named, in lieu of their sharing in the income, and to certain other legatees named ; to be

paid out of the income, as soon as convenient; and provides that if any of his heirs, entitled to any portion of his property, shall attempt to break his will, they shall forfeit all claim to his property, except $100 each.

By the next clause, he appoints trustees to carry into effect the will, without liability to give security, with power to appoint their successors, who shall give security.

It is clear that the provision for the payment of the income to the widow for life, then to the son and two daughters named, is a suspension of the absolute ownership of personal property, for more than two lives in being at the death of the testator, and is obnoxious to 2 *R. S.*, 1167 [6 ed.], § 1 (see Amory *v.* Lord, 9 *N. Y.*, 403 ; Van Schuyver *v.* Mulford, 59 *N. Y.*, 426 ; Knox *v.* Jones, 47 *Id.*, 389 ; Manice *v.* Manice; 43 *Id.*, 303). Numerous other authorities might be cited, but the unlawful suspension seems to be conceded by all the parties.

The next and more difficult question is, whether the bequest of the income to the wife can be sustained by a severance from the subsequent unlawful suspension, on the ground either that it does not come within the purview of 2 *R. S.*, 1101 (6 ed.), § 14, and *Id.*, 1167, § 2, because not a future estate, or that it is severable, and to validate it would not interfere with the general scheme of the will.

I am of the opinion that the statute applies to present as well as future estates (Coster *v.* Lorillard, 14 *Wend.*, 265 ; Thompson *v.* Clendening, 1 *Sandf. Ch.*, 387 ; Yates *v.* Yates, 9 *Barb.*, 324 ; Amory *v.* Lord, above cited). The phrase "suspension of absolute ownership," used in the statute in relation to personal property, is

synonymous in signification with "suspension of the power of alienation" (Emmons v. Cairns, 3 *Barb.*, 243; Morton v. Morton, 8 *Id.*, 18). I am also of the opinion that the bequest to the widow for life cannot be sustained for two reasons : *first*, because it constitutes a part of the same trust created by the same clause of the will, as the subsequently conceded void trusts (Knox v. Jones, 47 *N. Y.*, 389); *second*, because it cannot be brought within the case of Van Schuyver v. Mulford, as a separate valid trust, nor of Manice v. Manice, as not essential to the testator's general scheme, which was obviously not only to provide the income for his wife, but that that should be her sole interest in his estate, as evidenced by the fact that all the rest of his estate, after her use and at her death, should go to others. And to hold that the provision in her behalf is valid, and the subsequent provisions for his children and grandchildren, as life tenants and remainder-men, are void, would result in the intestacy of the estate so attempted to be disposed of, and thereby materially change the scheme of the will, by letting in the widow to claim a third of the personal estate remaining after the payment of debts and valid legacies (see Sink v. Sink, 53 *How. Pr.*, 400 ; Edsall v. Waterbury, 2 *Redf.*, 48).

The next question needing consideration is whether the other provisions of the will may stand, and what will be the character of the rights of the trustees named in the will.

I am of the opinion that the general legacies mentioned in the third clause of the will are valid, and that the persons named as trustees in the fourth clause are made executors as well as trustees ; that naming them trustees

RICHARDS *v.* MOORE.

was an inadvertence ; that the purpose for which they are appointed—" to carry into effect this my will," and providing that they should not give security, indicate an intention to confer upon them the functions of executors, for the first provision of the will is that the decedent's debts and funeral expenses shall be paid as soon after his decease as convenient, which are duties specially pertaining to the office of executor (1 *Wms. on Ex'rs.*, 196 ; *Redf. Prac.* [2 ed.], 425 ; *Willard on Ex'rs.*, 138 ; Wood *v.* Wood, 5 *Paige*, 596).

The result of the best consideration I have been able to give this matter is that the will in question, so far as it attempts to dispose of the income of the personal estate of the decedent to his widow, son and daughters for life, remainder to his grandchildren, is void ; and that the remainder of the will should be held valid, the trust to be executed by the persons named as executors and trustees ; and that, as to the balance of the estate so undisposed of, the decedent died intestate.

Decreed accordingly.