In the Matter of the Application of the New York, Lacka-wanna and Western Railway Company to Acquire Real Estate of Minnie Van Zandt and Others.

The rule that where there is a devise to one person absolutely, and in case of his death to another, the contingency referred to is a death in the lifetime of the testator, applies only where the context of the will is silent, and affords no indication of a different intention.

Where the devise over is dependent upon a death without issue, the tendency of the court is to lay hold of slight circumstances in the will to vary the construction and give effect to the language according to its natural import.

The will of E , devised and bequeathed to her daughter, Minnie, all her real and personal estate, subject to the payment of certain legacies, which were made a charge thereon.   In case of the death of M. "without issue" the property was given to the husband and a sister of the testatrix during life, and after their deaths to four brothers.   The clause ended as follows: " The devise over to my husband, sister and brothers to depend upon the contingency of my daughter Minnie dying without issue." The daughter named survived the testatrix    *Held*, that she took under the will a base or conditional fee, defeasible by her dying without leaving issue living at the time of her death ; that her children, should she leave any, would take by inheritance from her, but a conveyance by her in her lifetime would be effectual as against them, and that an indefeasible title in fee could be conveyed and the contingent expectant estate, limited to the husband, sister and brothers, cut off by their joining with her in the conveyance.

(Argued April 27, 1886; decided March 22, 1887.)

Sickels —Vol. LX.      12

APPEAL from order of the General Term of the Supreme Court in the then fourth judicial department, made April 14, 1883, which affirmed an order of Special Term, directing the moneys awarded as compensation for certain real estate taken by the petitioner in these proceedings to be paid over to the treasurer of Livingston county and the interest thereon paid to Minnie Van Zandt during her life, and upon her death the principal to be paid to the persons entitled thereto under the will of Ellen M. Wisner who, at her death, was owner of the real estate in question.

The material portions of the will are as follows : " *Second.* I give, devise and bequeath to my beloved daughter Minnie Wisner, all my real and personal property of every name and nature, subject, however, to the payment of the following sums of money, to wit : $1,000 to my sister, Delia Fisk ; $200 to Luther Blood ; $200 to Caroline Rener ; $200 to Mary Shattuck, which several sums of money I direct to be paid from the proceeds of my real estate, and to be paid in annual sums of $200 each, without interest, until the whole sum is paid.   *Third.* I direct that in case my daughter Minnie should die without issue, that my real and personal property should be possessed and enjoyed by my husband, Reuben P. Wisner, and my sister, Delia Fisk, during their natural lives, and after their death, the said real and personal property to be divided equally between my brothers, Henry C. Fisk, John M. Fisk, Frederick D. Fisk and Thomas J. Fisk, or their representatives, share and share alike.   The devise over to my husband, sister and brothers to depend upon the contingency of my daughter Minnie dying without issue."

The daughter, now Minnie Van Zandt, survived the testatrix, and claimed that she took an absolute fee and so was entitled to the money.

*M. H. McMath* for appellant.  By the second clause of the will, although no words of inheritance are used, an absolute fee in the real estate is given to Minnie, subject only to the legacies, amounting to $1,600, unless the intent to pass a

less estate or interest appears by express terms, or is neces-
sarily implied in the terms of the will. (3 R. S. [7th ed.]
2205, § 1.) No implication that an estate less than
an absolute fee was intended can be successfully claimed
on account of the absence of the word heirs. (*Kirk* v.
*Richardson*, 32 Hun, 434.) Where an expectant estate is
created by devise, the death of the testator shall be deemed
the time of the creation of the estate. (3 R. S. [7th ed.] 2179,
§ 41; *Wolfe* v. *Van Nostrand*, 2 N. Y. 440.) Minnie being
the sole heir of the testatrix every presumption is in her favor.
(1 Jarm on Wills [last ed.] 532; *Lynes* v. *Townsend*, 33 N. Y.
570.) The fact that the testatrix made the legacies chargeable
upon the estate given to Minnie is evidence of an intenton to
give her an absolute fee. (2 Jarm. on Wills, 268, 271; *Con-
verse* v. *Kellogg*, 7 Barb. 593; *Clason* v. *Clason*, 6 Paige,
54 , *Roseboom* v. *Roseboom*, 81 N. Y. 359; 1 Jarm. on
Wills, 474, 478, 480; *Freeman* v. *Coit*, 96 N. Y. 68; 1
Redf. on Wills [3d. ed.] 433, 434; *Briggs* v. *Shaw*, 9
Allen [Mass.] 516; 2 Jarm. on Wills [last ed.] 824.) The
death referred to was a death happening in the lifetime of
the testator. (*Livingston* v. *Green*, 52 N. Y. 124; *Kelly*
v. *Kelly*, 61 N. Y. 47; *Embury* v. *Sheldon*, 68 id. 233;
*McLaughlin* v. *Maher*, 17 Hun, 215; *Briggs* v. *Shaw*, 9
Allen (Mass.) 517; *Clayton* v. *Lowe*, 7 Eng. Com. Law,
218; *Schenk* v. *Agnew*, 4 K. & J. [Eng. Ch.], 405; *Miller*
v. *McBlain*, 98 N. Y. 517; *Leonard* v. *Kingsland*, 67
How. Pr. 431; *In re Tallmadge*, 20 N. Y. Week. Dig. 69;
*Waugh's Appeal*, 78 Penn. St. 436; *Mickley's Appeal*,
92 id. 514.) If the testatrix intended to give Minnie a contin-
gent fee, and to the brothers a fee in remainder, the attempted
remainder is void. (1. R. S. 722, §§ 1, 2, 4, 17, 19.)

*Charles J. Bissell* for respondents. The devise over to
the husband, brothers and sisters of the testatrix, is a valid
devise as a contingent limitation, and will take effect upon
the death of Minnie Van Zandt without issue. (1 R. S. pt.
3, chap. 1, tit. 2, art. 1, §§ 14, 19; 5 R. S. [Edm. ed.] 307;

*Woodruff* v. *Cooke*, 47 Barb. 305 ; 61 N. Y. 638 ; *Moore* v. *Lyons*, 25 Wend. 118 ; *Emmons* v. *Cairns*, 3 Barb. 243 ; *Hill* v. *Hill*, 4 id. 419 ; *Pond* v. *Bergh*, 10 Paige, 140 ; *Heard* v. *Horton*, 1 Den. 165 ; *Anderson* v. *Jackson*, 16 Johns. 381 ; *Dumond* v. *Stringham*, 26 Barb. 104 ; *Norris* v. *Beyea*, 13 N. Y. 273, 285 ; 2 Jarm. on Wills [5 Am. ed.] chap. 48 ; id. chap. 49, 783 ; *Kelly* v. *Kelly*, 61 N. Y. 47 ; *Nellis* v. *Nellis*, 99 id. 505 ; *Buell* v. *Southwick*, 70 id. 581.)

Rapallo, J.    It may be regarded as a settled rule of construction that where there is a devise to one person in fee, and in case of his death to another, the contingency referred to is the death of the first named devisee during the lifetime of the testator, and that if such devisee survives the testator, he takes an absolute fee ; that the words of contingency do not create a remainder over to take effect upon the death, at any time, of the first taker, nor an executory devise, but are merely substitutionary and used for the purpose of preventing a lapse in case the devisee first named should not be living at the time of the death of the testator.   This construction is uniformly adopted unless there is some language in the will indicative of a different intention on the part of the testator.

The reason assigned for this construction has been that as death is a certain event, and the time only is contingent, the words of contingency in a devise of this description can only be satisfied by referring them to a death before some particular period, and no other being mentioned, the time referred to must be presumed to have been the testator's own death. It is also founded upon the principle that in construing wills, effect should be given, if possible, to all the words used by the testator, and that any other construction than the one which has been adopted would in every case reduce the estate of the first named devisee to an estate for life ; for his death at some time is certain, and the words of inheritance attached to the devise to him would in every case be inoperative.

Nevertheless, it has been held that the same rule of construction is to be applied where the alternative devise is made

to depend upon the death of the first named devisee "without issue" or "without children," etc. This question is thoroughly discussed in the opinion of ANDREWS, J., in the case of *Van Derzee* v. *Slingerland* (103 N. Y. 47), and the learned judge comes to the conclusion that, although the reason upon which the rule adopted in the first mentioned class of cases was founded, does not exist in the second, yet that it is established by precedent. It would be useless now to go through the cases. They are very numerous, and not all reconcilable, and many of them contain special features. It is sufficient for present purposes to refer to a few of the cases. In *Gee* v. *Mayor, etc., of Manchester* (17 Adol. & El. [N. S.] 737), the testator devised and bequeathed his real and personal estate to be divided equally among his children as follows, viz. : " I will and bequeath to my eldest son A. one-seventh share of my property, to his heirs, executors and administrators." Then followed similar devises and bequests to each of the testator's six other children, and afterward a general provision in these words, " and in case any of my sons and daughters die without issue that their share returns to my sons and daughters equally amongst them, and in case any of my sons and daughters die and leaving issue, that they take their deceased parents' share."

It was held that the death referred to was a death in the lifetime of the testator, and that all his children having survived him, they each took a fee simple in one-seventh of his realty.

It must be observed that unless that construction was adopted, the words of inheritance attached to the devise to each of the testator's children must in every event be rejected.

It was certain that each of the children would die, either with or without issue. Construing the death referred to by the testator as a death at any time, the result would be that upon the death of either of the testator's sons, for instance, without issue, his share would go to his brothers and sisters, not as his heirs, but as purchasers by virtue of the limitation over to them. If he died leaving issue, such issue would take in like manner, not as his heirs, but as purchasers. He

would have no estate of inheritance in any event, and could make no disposition of the fee in the realty, in his lifetime, or by will. The words of the testator purporting to give him an estate in fee, would thus be wholly rejected, and his estate, under all circumstances, cut down to a life estate.

It was on these grounds that Lord CAMPBELL, in delivering the judgment of the court, held that the only mode of giving effect to all the words of the testator, was by treating the words in the last clause of the will as words of substitution only, in case of a lapse, and referring the death there contemplated, to a death in the lifetime of the testator.

In *Clayton* v. *Lowe* (5 Barn. & Ald. 636) the devise was in the same form as in the case last cited. The estate was given to the testator's three grandchildren, forever. If either of them should die without lawful child or children, the share of the one so dying was to be divided among the survivors, but if either should die leaving lawful child or children, such child or children should take the share of the parent. It is obvious that unless the death referred to was a death in the lifetime of the testator, the first named devisees could in no event take a fee.

*Doe* v. *Sparrow* (13 East. 359), was a case of the same description, with additional significant words expressly referring to the testator's own death.

*Woodburne* v. *Woodburne* (23 L. J. Ch. 336), was the same as *Gee* v. *Mayor of Manchester*, and was decided the same way.

The cases I have referred to rest on principles, and are founded on reasons which are easily comprehended; but there are other cases in which the words " die without issue " are construed as referring to a death in the lifetime of the testator, where those principles are inapplicable and the reasons do not exist, and of such cases ANDREWS, J., in the case of *Vanderzee* v. *Slingerland*, says that they stand more upon authority than upon reason.

It is stated in Jarman on Wills (5th Am. ed. p. 783), that the general rule is, that where the context is silent, the words

referring to the death of the prior legatee in connection with some collateral event, apply to the contingency happening, as well after as before, the death of the testator.

In *O'Mahoney* v. *Burdell* (L. R. 7, H. L. 388, 393), it was held that a bequest to A., and if she should die *unmarried* or *without children*, to B., was an absolute gift to A., defeasible by an executory gift over in the event of A. dying at any time, *unmarried* or without children, and that this construction could only be affected by a context which rendered a different meaning necessary.  And in *Britton* v. *Thornton* (112 U. S. 526), it was held that under a devise to one person in fee and in case he should die *under age* and without children, to another in fee, the devise over would take effect upon the death, at any time, of the first devisee under age and without children.  To the same effect is *Edwards* v. *Edwards* (15 Beav. 357), and see *Doe* v. *Webber* (1 Barn. & Ald. 713), and *Anderson* v. *Jackson* (16 Johns. 382).  But it cannot be disputed that there are several cases holding that where there is simply a devise to A. in fee, and in the event of his dying without issue, then to B., the death referred to is a death in the lifetime of the testator, and if A. survives him he takes an absolute and indefeasible estate in fee.  (*Home* v. *Pillans*, 2 My. & K. 15, 19, and cases cited; *Ware* v. *Watson*, 7 De G., M. & G. 248.)  Such appears to be the rule in Pennsylvania (*Mickley's Appeal*, 92 Penn. 514), and the same rule has been adopted in this court (*Quackenbos* v. *Kingsland*, 102 N. Y. 128), and was recognized in *Vanderzee* v. *Slingerland* (103 id. 47), before referred to.  But in that case, the learned judge writing the opinion (ANDREWS, J.), says that the rule established by the courts, applies only when the context of the will is silent and affords no indication of intention, other than that disclosed by words of absolute gift, followed by a gift over in case of death, or of death without issue, and that indeed the tendency is to lay hold of slight circumstances in the will, to vary the construction and give effect to the language according to its natural import, and in the will which the learned judge was then construing, he found such indica-

tions.   I think that similar indications exist in the will now
before us.   The testator does not charge the legacies upon his
daughter Minnie personally, but upon the real estate devised,
so they would be borne by whomsoever should become entitled
to that real estate.   He devises the real estate to her without
words of inheritance.   He then directs that in case she should
die without issue, his estate, real and personal, should be pos-
sessed and enjoyed by the others named in the will.   Her
death without issue is a contingent event, but by adopting the
construction contended for and claimed to be established by
the authorities, the court would add another contingency not
specified by the testator, that is, that she die without issue
during the lifetime of the testator.   As if to make his inten-
tions clearer, and to indicate that no other contingency was
contemplated than the one which he had expressed, the tes-
tator adds at the end of the clause, " the devise over to my
husband, sister and brothers *to depend* upon the contingency
of my daughter Minnie dying without issue."   This repeti-
tion, clearly defines the testatrix's intention that in the event
of her daughter's dying without issue, her husband, sister and
brothers should enjoy the property, without reference to any
other contingency.   The daughter was an infant of about six
years of age at the time of the death of the testatrix, and it
would be a very forced construction of the language of the
will to hold that the testatrix had an unexpressed intention
that if the child should die the next year, or at any other time,
after the death of the testatrix, the devise over to her hus-
band, sister and brothers should not take effect.

Our conclusion is, that Minnie Van Zandt took under her
mother's will a base or conditional fee, defeasible by her dying
without leaving issue living at the time of her death.   (1 R.
S. 724, § 22.)   That her issue, should she leave any, would
take by inheritance from her, but a conveyance by her in her
lifetime would be effectual as against them; and that an inde-
feasible title in fee could be conveyed and the contingent
expectant estate limited to the husband, sister and brothers of
the testatrix in the event of Minnie dying without issue, cut

off, by their joining with her in a conveyance. (*Emmons* v. *Cairns*, 3 Barb. 243, 246 *et seq.*)

For these reasons we think the order appealed from should be affirmed.

All concur.

Order affirmed.