KATE S. BECK, INDIVIDUALLY AND AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF PHEBE A. ENNIS, DECEASED, RESPONDENT, *v.* B. FRANKLIN ENNIS AND OTHERS, APPELLANTS.

*Will — gift contingent upon death without children, or prior to the death of other children, construction of.*

By the first clause of the will of Phebe A. Ennis, plaintiff's testatrix, she gave to the plaintiff, absolutely, all her household goods, and by the second clause she gave the residue of her property, one-half, to her daughter, Kate S. Beck, the plaintiff, if she remained unmarried, and the other half in equal shares to two other children, the appellant and a daughter of a Mrs. Pendry, but, in case of the marriage of the plaintiff, the property mentioned in this clause was to be equally divided between the three children, share and share alike.

The third clause provided that if "my daughter, Kate S., should marry and die without children, or die previous to her brother or sister, then the property given or bequeathed to her shall revert to her brother, B. Franklin, and her sister, C. Olivia, or their heirs, to share alike."

The plaintiff married after the death of her mother, and before the commencement of this action, but has remained thus far without issue.

The question involved was as to whether the plaintiff's estate and interest in one-third of the real estate and of the personal property, aside from that included in the first bequest, was absolute or conditional.

*Held*, that the contingency under which the brother and sister of the plaintiff would take the plaintiff's share arose in the event that the plaintiff should die either married and without children, or unmarried, previous to her brother or sister. The words "previous to her brother or sister" being used to qualify both alternatives.

That the contingency contemplated by the third clause of the will would arise whenever the plaintiff should die without children, and previous to either her brother or her sister; that, in that case, her estate in the farm and her interest in the personal property, other than that embraced in the first bequest, would pass to her brother and sister, or to either of them then surviving, and to the heirs of either then deceased, to be divided equally between them, *per stirpes*, in the case of heirs of either; but that, in case the plaintiff survived both her brother and her sister, her estate in all the real and personal property would become absolute.

That this case did not come within the rule that where there is a devise to one in fee, and in case of her death to another, the contingency referred to is to be construed to be the death of the first devisee in the lifetime of the testator, and that if such devisee survives the testator he takes an absolute fee.

*Vanderzee* v. *Slingerland* (103 N. Y., 47); *Matter of New York, Lackawanna and Western Railway Company* (105 id., 89) followed.

APPEAL from a judgment entered upon the report of a referee, in the office of the clerk of Wayne county on the 7th day of January, 1889, in favor of the plaintiff.

*Wm. A. Sutherland,* for the appellants.

*S. B. McIntyre,* for the repondent.

DWIGHT, J.:

The judgment gives construction to the will of Mrs. Pheba A. Ennis, the mother of the two parties to this appeal; the other parties defendant in the action were the husband and another daughter of the deceased.

By the first clause of her will the testatrix gives the plaintiff, absolutely, all her household goods, including furniture, carpets and silverware. By the second clause she gives the residue of her property, consisting of a farm and all her personal property other than that included in the first bequest, one-half to the plaintiff, if she remains unmarried, and the other half in equal shares to the other two children, the appellant and a daughter, Mrs. Charlotte Olivia Pendry; but in case of the marriage of the plaintiff, the property mentioned in this clause is to be equally divided between the three children, share and share alike. The third and fourth clauses of the will are as follows:

" *Third.* If my daughter, Kate S., should marry and die without children, or die previous to her brother or sister, then the property given or bequeathed her shall revert to her brother, B. Franklin, and her sister, C. Olivia, or their heirs, and to share alike."

" *Fourth.* The foregoing bequests are based upon the provision that my three children, conjointly or by mutual arrangement, make suitable and adequate provision for the support and maintenance of my husband, Elijah Ennis, their father, during his life, and that suitable tombstones be procured and set up at his and my graves. Likewise I make, constitute and appoint my daughter, Kate S. Ennis, to be executrix of this my last will and testament." \* \* \*

The plaintiff married after the death of her mother and before the commencement of this action, but has remained thus far without issue. The question is of the nature and extent of the plaintiff's estate and interest in one-third of the real estate and of the personal

property aside from that included in the first bequest; whether such estate and interest is absolute or conditional.

It is unnecessary to review or even to cite the numerous authorities establishing the rule which the referee has applied to this case. The cases are well collated and classified by ANDREWS, J., in *Vanderzee* v. *Slingerland* (103 N. Y., 47), where the rule with its limitations is clearly stated; and the same views are expressed and the same result is reached by RAPALLO, J., in the case of the *Matter of the New York, Lackawanna and Western Railway Company* (105 N. Y., 89). The rule is that when there is a devise to one person in fee, and in case of his death to another, the contingency referred to is the death of the first devisee in the lifetime of the testator; and if such devisee survives the testator he takes an absolute fee. Judge RAPALLO says in the latter case: "This construction is uniformly adopted unless there is some language in the will indicative of a different intention on the part of the testator," and Judge ANDREWS, in the former case, says that the rule "applies only where the context of the will is silent and affords no indication of intention other than that disclosed by words of absolute gift, followed by a gift over in case of death, or of death without issue, or other specified event. Indeed, the tendency is to lay hold of slight circumstances in the will, to vary the construction and give effect to the language according to its natural import." Such indications were discovered in both of the cases referred to, and in both advantage was taken of slight circumstances in the will to justify giving effect to the language according to its natural import. The remark is obvious that a rule so willingly avoided, and apparently as much honored in the breach as in the observance, must be a very artificial one and founded largely upon authority rather than upon principle.

We are led to inquire, therefore, what is the reason, if any, which is supposed to be at the foundation of this rule of construction. The inquiry is answered in both of the opinions referred to as follows: "The reason assigned for this construction has been that as death is a certain event, and the time only is contingent, the words of a contingency in a devise of this description can only be satisfied by referring them to a death before some particular period; and, no other being mentioned, the time referred to must be presumed to have been the testator's own death." This reason, if

not very forcible, at least serves the useful purpose of furnishing a test of the applicability of the rule to the case in hand. Applying that test we seem to find this case not within the rule, because the event prior to which the death of the devisee must occur to constitute the contingency mentioned in this devise, is not left to be supplied by construction but is fixed by the terms of the devise itself; it is the death of the brother or sister. The language of the provision is: " If my daughter Kate S. should marry and die without children, or die previous to her brother or sister." Here, we think, the phrase " previous to her brother or sister," qualifies both the alternatives of the provision quoted, and that the contingency intended might be more clearly stated in this form : " If my daughter Kate S. should die, either married and without children, or unmarried, previous to her brother or sister," the object being apparently to exclude the case of the death of the plaintiff leaving children to inherit from her. In other words, the whole scheme and tenor of the will forbids the idea that the testatrix intended to disinherit the children whom her daughter Kate might leave surviving her, whether she died before or after her brother and sister. If so, then the contingency referred to is fully defined by the express terms of the will, and there is no room to suppose an intention to limit it upon the death of the testatrix or any other event not mentioned in the will.

But even if our construction of the alternative provision of the devise were not the true one, we think " other circumstances in the will " are sufficient to take this case out of the general rule laid down by the authorities referred to. There is the reiteration of the intention of the testatrix, in the third clause, which is a circumstance of the same character, and of at least equal significance with that which seems to have warranted a judgment of the court in the case of the *Matter of the Lackawanna Railway* (*supra*). The language here is " By this I intend that the bequest to Kate S., circumstanced as above stated, shall pass to my son and daughter herein, or their heirs, and to share alike." " Circumstanced as above stated " is equivalent to " under the circumstances, or upon the contingencies above expressed," and the language serves to exclude the idea that other contingencies were to be added by legal construction or otherwise. The reiteration was made, as is

said by RAPALLO, J., in the Lackawanna case, " as if to make his intentions clearer, and to indicate that no other contingency was contemplated than the one which he had expressed." Moreover, all the provisions of the fourth clause of the will are such as to indicate an expectation on the part of the testatrix that the plaintiff would survive her, and that none of the provisions of her will had been made in contemplation of the plaintiff's dying in her lifetime. This circumstance may be slight, but we have seen that the courts seize upon slight circumstances to justify an avoidance of the highly artificial rule of construction which we have had under consideration.

We conclude that the contingency contemplated by the third clause of this will will arise whenever the plaintiff shall die without children, and previous to either her brother or her sister; that in that case her estate in the farm and her interest in the personal property (other than that embraced in the first bequest), will pass to her brother and sister, or to either of them then surviving, and the heirs of either then deceased, to be divided equally between them, *per stirpes*, in the case of heirs of either; but that in case the plaintiff survives both her brother and her sister, her estate and interest in all the real and personal property will become absolute. In other words, to adopt the phraseology of the decision in the case of Lackawana Railway (*supra*), we hold that the plaintiff took, under her mother's will, a base or conditional fee in the undivided one-third of the real estate, and a corresponding interest in one-third of the personal estate left by her mother (aside from that mentioned in the first clause of the will), defeasible by her dying, without leaving issue, before the death of either her brother or her sister; that her issue, should she have any, would take by inheritance from her, but a conveyance by her in her lifetime would be effectual against them; that should she survive both her brother and her sister her title would become indefeasible, and that at any time during the lifetime of her brother and sister an indefeasible title in fee could be conveyed by their joining with her in a conveyance.

The judgment appealed from adjudges that the three devisees take their respective shares and interests in the residue of the property, subject to the duty and obligation enjoined by the fourth clause of the will to make suitable provision for the support and

maintenance of their father during his life; and it directs that they make such required provision within two months from notice of the judgment; or, in default thereof, the executrix make such provision out of the estate of the testatrix in her hands. Neither party seems to be content with this provision of the judgment, although the plaintiff has not appealed therefrom. The defendant concedes the correctness of the judgment to the effect that all the devises and bequests of the will are subject to the requirement of the fourth clause, but objects that, in case of disagreement between the three devisees, the making of such provision should not be left to the sole judgment and discretion of the plaintiff; and he suggests, in case of such disagreement, a reference to ascertain what would be a suitable and adequate provision for the purpose in question. We think the suggestion a proper one and such a direction will be given in the order for the modification of the judgment.

The judgment should be modified in accordance with the views expressed in this opinion. The order for such modification to be settled by DWIGHT, J.

All concurred.

Judgment modified in accordance with opinion. Order for modification to be settled by DWIGHT, J.