ANNIE M. DELANEY, PLAINTIFF, v. ANNIE A. McGUIRE RESPONDENT, IMPLEADED WITH JAMES SMYTH AND OTHERS, APPELLANTS.

*Will — devise by implication.*

The will of a testatrix devised certain premises to a trustee, with directions to use the income thereof during the minority of her niece, to pay interest upon a mortgage, taxes and repairs; and further provided as follows: " And, after paying said charges, to use the balance, if any there should be, for the support, maintenance and education of my said neice; but in case my said niece should die before the age of twenty-one years, without lawful issue, and should not, at the time of her death, have lawful issue, then I give the said house and lot to my lawful heirs." The niece was of age and unmarried.

*Held,* that there was no devise of the fee by implication to the niece upon her reaching her majority.

That the testatrix intended that the niece should have a life estate in the property, and that, if she left issue her surviving, she should have the right to dispose of such property, but failing this that it would pass upon her death to the lawful issue of the testatrix.

APPEAL by the defendants, James Smith, or Smyth, Jane Smith, or Smyth, and by Stephen B. Porter, their guardian *ad litem*, from an order, entered in the office of the clerk of the county of New York on the 16th day of March, 1891, so far as the same adjudges the fund in question in this action to be the property of the respondent Annie A. McGuire, and overrules exceptions taken by said appellants to the referee's report. and denies the right of said appellants to share in said fund.

*Hamilton R. Squier*, for the appellants.

*William J. Lardner*, for the respondent.

VAN BRUNT, P. J.:

This proceeding was to ascertain the priorities of lien upon certain surplus moneys arising from the sale under foreclosure of a house and lot No. 125 East Seventy-third street, in the city of New York, which was owned by one Margaret B. Duffy at the time of her death. The said Margaret died on the 14th day of March, 1882, leaving a last will and testament which was duly proved before the surrogate of the county of New York, and letters testamentary issued therein to one James Boyle, the father of the testatrix. In September, 1883, the said Boyle died, and thereafter, on February, 1884, letters of administration, with the will annexed, were duly issued to one Thomas Smyth, the brother-in-law of the testatrix. At the time of these proceedings the respondent Annie A. McGuire, and Jane Smyth and James Smyth, infants, were the only heirs-at-law and next of kin of the testatrix, and said infants claim a share in said surplus moneys, the whole balance of which has been, by the order appealed from, awarded to the said Annie A. McGuire. The claims above mentioned arise under the said will of Margaret B. Duffy, which is, so far as it affects this controversy, as follows:

*First.* That I hereby direct my executor hereinafter named to pay all my just debts, funeral expenses and testamentary charges as soon after my decease as the same can be done.

*Second.* I hereby give, devise and bequeath unto James Boyle, as trustee of my niece Annie McGuire, my house and lot of land situated on the northerly side of Seventy-third street, between Lex-

ington and Fourth avenues, and now known by the street number one hundred and twenty-five East Seventy-third street, in the city of New York, to use the income thereof during the minority of my said niece, to pay the interest on the mortgage now on said property, and the taxes, insurance, water rents and repairs necessary on said premises, and after paying said charges to use the balance, if any there should be, for the support, maintenance and education of my said niece, but in case my said niece should die before the age of twenty-one years without lawful issue, and should not at the time of her death have lawful issue, then I give the said house and lot to my lawful heirs. I hereby authorize and empower the aforesaid trustee of my said niece to sell and convey, by good and lawful deed, the house and lot, if in his judgment it will be for the best interest of my said niece at any time, for all cash, or part cash and part mortgage. And I hereby authorize and empower him to mortgage or lease the said house and lot as such trustee, if needful or necessary in his judgment, at any time. If the said trustee should exercise the power of sale contained herein as to the said house and lot, the same may be at public auction or private sale.

*Third.* I hereby authorize, empower and direct my executor, hereinafter named, to sell and convey by good and lawful deed or deeds all the rest, residue and remainder of my real estate at public or private sale as soon after my death as the same can be done for cash or part cash, and part on bond and mortgage may remain as shall be agreed upon, the same to remain at lawful interest, and the proceeds of the sale of such real estate shall be invested by my executor in good real estate in the city of New York, and the income thereof used for the support of my father and the support, maintenance and education of my niece Jane Smith, my nephew James Smith and my niece Annie McGuire ; and my executor hereinafter named is hereby appointed trustee to receive and disburse the said income and invest the said principal.

It is urged, upon the part of the appellants, that by the second clause of the will Annie McGuire only took an estate during her minority in the premises, out of which the surplus proceeds arose ; and it is claimed by the respondent, and was so reported by the referee, that upon her arrival at twenty-one years of age she became seized and possessed in fee simple of the premises in question.

There are no words of gift to Annie McGuire contained in the clause in question, but it is claimed that it was the manifest intention of the testatrix to give these premises to her upon her attaining the age of twenty-one years, and, therefore, she takes by implication. And we are cited to various cases in English courts and in our own, going to show that such construction is correct.

An examination of these cases, however, will show that in all of them there was some plain indication of an intention that the devisee should enjoy the whole estate. The latest case in our courts upon this subject is *Masterson* v. *Townshend et al.* (123 N Y., 462) where it was held that there was a devise by implication. In that case the will contained a power of sale with a direction to pay, upon the happening of a certain contingency, the whole of the proceeds to the person to whom it was held there was a devise by implication. It was the plain intention that the party should take absolutely upon the happening of the contingency, and although there were no express words of gift except upon a sale, it was held that a gift was plainly intended.

In the case at bar there is not only no intention expressed of an absolute gift, but the language of the will expressly excludes such an intention.

The testatrix gives the premises in question to his executor as trustee of her niece, Annie McGuire, to use the income during the minority of her niece in the manner specified, and then says : "But in case my said niece should die before the age of twenty-one years without lawful issue, and should not, at the time of her death, have lawful issue, then I give the said house and lot to my lawful heirs." The said niece has arrived at the age of twenty-one years and is unmarried. It is plain that the time of death intended by the testatrix did not mean death during her lifetime, because the language is inapplicable to any such construction. Death at any time before twenty-one years of age, without lawful issue, gave the estate to the lawful heirs of the testatrix. The testatrix intended evidently that Annie McGuire should, during her life, have the use of this property, and upon her death it would go to her children, if she left any ; if not, it was to go to the heirs of the testatrix. This construction, it seems to us, is reinforced by the clause of the will next occurring after the provision referring to death during her minority ; it says : "and should

not, at the time of her death, have lawful issue, then I give," etc. If the word " or " is substituted for the word " and " the meaning at once becomes apparent, and such was undoubtedly the intention of the testatrix. If she should die during minority without lawful issue, or should not at the time of her death, whenever it might occur, leave lawful issue her surviving, then the estate would go to the lawful heirs of the testatrix. This shows an intention upon the part of the testatrix that Annie McGuire should enjoy this estate during her life, and if she left issue her surviving, that she should have the right to dispose of the same as she saw fit; but if she died without lawful issue her surviving, she could only enjoy the estate during her life, it going upon her death to the lawful issue of the testatrix.

This interpretation is in harmony with the views expressed by the court of last resort in the case of *Matter of New York, Lake Erie and Western Railroad Company* (105 N. Y., 89). If the referee had seen that Rule 64 of the General Rules of Practice had been complied with, as was his duty, and had required certificates of the clerk as to the appearances in the action and notice of claim to the surplus moneys and proof of service of notice of the proceedings before him upon such persons, so that we could have seen that the proper parties had received notice of these proceedings, we might now make the proper order distributing this surplus; but as no attention seems to have been paid to the requirements of the rules as to notice, we can simply reverse the order appealed from, with ten dollars costs and disbursements, and remit the proceeding to the Special Term for further action, where it is to be hoped that it will be seen to, that the proper evidence is produced that the parties entitled to notice have received the same. This result to be, however, without prejudice to the right of Patrick J. Lynch to claim payment of his debt out of the surplus, upon such proof as would charge the heir with the payment of this debt because of receipt of assets.

Daniels and Lawrence, JJ., concurred.

Order reversed, with ten dollars cost and disbursements, and proceedings remitted to the Special Term for further action.