### GALWAY v. BRYCE et al.

(Supreme Court, Special Term, Kings County. November, 1894.)

1. WILLS—CONSTRUCTION.

A will containing a devise to testator's widow for life, and, on her decease, to their children, "to be divided among them, share and share alike, within one year after the youngest child shall have arrived at the age of twenty-one years," directed that "in making such division the share of any child deceased and leaving no issue shall merge into the estate, and be divided therewith among the other children," and that "the share of any child deceased and leaving issue" should be held in trust during their minority. *Held*, that the estate vested in testator's children at his death, subject to the widow's life estate, and subject to defeasance in the case of each child by his death without issue during the continuance of the life estate, or afterwards during the minority of the youngest child.

2. SAME—SUSPENSION OF POWER OF ALIENATION.

Suspending power of alienation for one life and one minority, and one year in addition for division of the estate, is valid.

Action by Margaret B. Galway against Lucy M. Bryce and others to construe the will of Daniel McCabe, deceased.

Thomas E. Pearsall, for plaintiff.

Herbert T. Ketcham, for Randolph H. Cole, guardian ad litem for infant defendants.

James Troy and Hugo Hirsch, for other defendants.

GAYNOR, J. The will of Daniel McCabe devises all of his real estate to his widow for life, and, "upon the decease" of his said widow, to their six children, who are named, "to be divided among them, share and share alike, within one year after the youngest child shall have arrived at the age of twenty-one years." A direction then follows that "in making such division the share of any child deceased and leaving no issue shall merge into the estate, and be divided therewith among the other children," and that "the share

of any child deceased leaving issue" shall be held in trust for such issue during their minority. All of the children survived the testator, and were of age at the time of his death, though there were minors when he made the will. The effect of the devise to the children was that the estate vested in them upon the testator's death, subject to the life estate; for the words "upon the decease" of the life tenant did not postpone the vesting of the estate. Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008. Such estate, however, was defeasible, in that it was liable to be defeated, in the case of each child, by his death without issue during the continuance of the life estate, or thereafter during the minority of the youngest child, or, if he left issue, by their death during the same period. That this was the testator's intention is manifested by the words following the devise,—that "in making such division" the share of any child "deceased and leaving no issue" should merge into the estate, and that the share of any child deceased and leaving issue surviving should go into a trust for such issue during their minority. These words of death and survivorship have reference, not to the time of the death of the testator, but to the time appointed for the division, namely, at the death of the life tenant, or thereafter at the termination of the youngest child's minority. The will is that the share of any child deceased at any time before the time appointed for the division, and leaving no issue, should merge into the estate, and the issue then surviving of any deceased child should have their share put in trust during their minority. This construction of the will does not make it violative of the statute against perpetuities, for the suspension of the power of alienation at most could have been during one life and one minority, which counts for a life. Manice v. Manice, 43 N. Y. 303. But the children were all of age at the testator's death, and the will speaks, in the respect under construction, as in others generally, as of that time (Chapl. Suspen. 86), and therefore the suspension was only for one life, except in the case of the minor children of the deceased daughter; and the one year allowed for division is not a suspension of the power of alienation. Robert v. Corning, 89 N. Y. 225. The general rule that in the case of an absolute devise to one, and, in case of his death, to another, the contingency is of death in the lifetime of the testator, has no application where the primary devise is only of a life estate. Mullarky v. Sullivan, 136 N. Y. 231, 32 N. E. 762. Besides, that is an artificial rule which does not hold against evidences of a contrary intention in the will, and slight evidences will suffice. In re New York, L. & W. Ry. Co., 105 N. Y. 95, 11 N. E. 492. The child Josephine made what was purported to be a conveyance of her share in fee to the life tenant, leaving children who still survive. From the foregoing construction it follows that she was not capable of conveying an indefeasible fee of her share, and that it is now vested in trust for her children. In the case of McCabe, I know of no principle upon which he may be charged with arrears of taxes existing at the death of the life tenant. Let the rights and interests of the parties be found and adjudged accordingly.