Samuel M. Concklin et al., Appellants, *v.* John P. Taylor, Appellant, William W. Taylor, Assignee, Respondent.

Where a question of fact arising upon a motion is referred, as authorized by the Code (§ 27), the court has no authority to allow disbursements in addition to ten dollars costs of motion.

A motion by an assignee of a judgment to vacate a satisfaction thereof, executed by the judgment creditor after assignment, is addressed to the discretion of the court; it may hear and determine the motion on the merits, or may compel the judgment debtor, in order to contest the validity of the judgment and the right of the claimant to collect the amount thereof, to bring an action for that purpose; and the exercise of this discretion cannot be interfered with by this court.

The disbursements upon such a motion are not costs in an interlocutory proceeding, within section 311 of the Code, and no provision is made by the Code for their allowance.

(Submitted December 20, 1876; decided January 16, 1877.)

APPEAL by plaintiffs and defendant from an order of the General Term of the Supreme Court in the third judicial department affirming an order at Special Term, which vacated a satisfaction-piece executed by the plaintiffs of a judgment in their favor herein.

The motion was made on behalf of William W. Taylor, who claimed as assignee of the judgment. He produced assignments of the judgment from plaintiffs to David Taylor and from the latter to himself, the former executed in 1858, the latter in 1871. The satisfaction was dated July 16, 1873. The motion was opposed upon the grounds that the claimant was not the owner of the judgment; that the consideration for the first assignment was paid by the assignee out of property of the defendant in his hands as assignee of said defendant for the benefit of creditors, and that the judgment was paid by defendant prior to its assignment to the present claimant. The matter was referred to a referee to take testimony and to report with opinion, and upon the coming in of the report of the referee an order was entered vacating the satisfaction without prejudice to an action or proceeding to ascertain what amount, if any, was due upon the judgment, and the moving party was allowed ten dollars costs of motion, also referee's fees and other disbursements.

Further facts appear in the opinion.

*A. A. Demarest* for the appellants. Murray had no power and authority to make the assignment. (1 Greenl. Evi., § 186; 2 id., § 141.) Taylor had no right to take the assignment. (*Quackenbush* v. *Leonard*, 9 Paige, 344; 2 Edm. Ch., 478; 1 J. Ch., 26.)

*Gilbert & Maynard* for the respondent. The assignment of the judgment to David Taylor vested in him a perfect title thereto, and one which he could transfer to William W. Taylor. (1 Story's Eq. Jur., §§ 64–69; *Hasbrouck* v. *Paddock*, 1 Barb., 635; *Burch* v. *Newberry*, id., 648; *Jackson* v. *Van Dalfren*, 5 J. R., 43; *Jackson* v. *Walsh*, 14 id., 407; *Jackson*

v. *Brooks,* 8 Wend., 426 ; *Bostwick* v. *Atkins,* 3 N. Y., 56 ; *Johnson* v. *Bennett,* 39 Barb., 237 ; *Olcott* v. *Tioga R. R. Co.,* 40 id., 179.) Plaintiffs having ratified and adopted the act of their attorney in making the assignment of the judgment, this ratification and adoption related back to the time when the assignment was made, and operated to clothe the attorney with authority *ab initio.* (*Carter* v. *Hamilton,* Seld., notes 6, 80 ; *Palmerston* v. *Huxford,* 4 Den., 166 ; *Johnson* v. *McAusland,* 9 Abb., 214 ; *Coml. Bk.* v. *Warren,* 15 N. Y., 577 ; *Keeler* v. *Salisbury,* 33 id., 648 ; *Bridenbecker* v. *Lowell,* 32 Barb., 9 ; *Brown* v. *Platt,* 8 Bosw., 324 ; *Cairnes* v. *Bleecker,* 12 J. R., 300 ; *Gage* v. *Sherman,* 2 N. Y., 417 ; *Hanks* v. *Drake,* 49 Barb., 186 ; *Hope* v. *Lawrence,* 50 id., 258 ; *F. L. and T. Co.* v. *Walworth,* 1 N. Y., 453 ; *Lowenstein* v. *McIntosh,* 37 Barb., 251 ; *Bell* v. *Shibbley,* 33 id., 610 ; *Crain* v. *Hunter,* 28 N. Y., 389 ; *Elwell* v. *Chamberlain,* 31 id., 611 ; *Murray* v. *Binninger,* 3 Keyes, 107.)

*Per Curiam.* This is an appeal from an order of the General Term of the Supreme Court, directing that the satisfaction of a judgment, executed by two of the plaintiffs to the defendant, be vacated without prejudice to an action or proceeding to ascertain what amount, if any, was due upon the judgment. Upon the motion being made at Special Term, the judge ordered a reference to take testimony and report the same with his opinion upon the questions of fact. First. As to the ownership of the judgment. Second. Whether the consideration of the assignment of the same was paid for out of the property of the defendant, in the hands of the first assignee, for the benefit of creditors. Third. Whether the judgment had been paid by the defendant prior to its assignment by the first claimant to the person now claiming as assignee. Upon all these questions an extended investigation was had, and the referee reported in favor of the person who claims to be the owner of the judgment.

It is, perhaps, difficult to say, upon the conflicting evidence before the referee, which was very voluminous, whether the

decision of the judge, if made upon the facts, would be so entirely adverse to the weight of the evidence as to justify a reversal on that ground.   The right to make the assignment first executed and to take the same, and the validity of the second assignment involved mixed questions of law and fact which were not free from embarrassment; and while the judge at Special Term had ample authority to decide the motion absolutely upon the merits, it was also within his province to determine whether he would compel the party contesting the validity of the judgment and the right of the claimant to collect the amount thereof, to bring an action for the purpose of determining all questions which might arise in regard to the same.   The whole controversy would thus be more deliberately and carefully considered and disposed of than could be done upon a mere motion, and the rights of all parties more fully protected and guarded.

As the judge at Special Term, in the due exercise of his functions, has made such a disposition of the case, and it was clearly within his discretion to do so, it would be difficult to determine what was actually decided beyond this, and we think that this court cannot interfere with his determination.

The judge had power to order the reference upon the question of fact involved under section 271 of the Code, but we think that there was no authority for allowing disbursements, besides the costs of the motion, which are fixed by section 315 of the Code at ten dollars.   These disbursements were not costs in an interlocutory proceeding within section 311, and no provision is made for their allowance by the Code.

The order must be reversed as to the costs exceeding ten dollars, and the remainder of the appeal dismissed without costs to either party in this court.

All concur.

Ordered accordingly.