CARRIE J. HORTON, an Infant by Guardian, etc., Appellant, *v.* WILLIAM P. CANTWELL, Executor, etc., and another, Respondents.

The act of 1879, entitled an act to amend chapter 238 of the Laws of 1853, entitled "An act relative to disputed wills" (Chap. 316, Laws of 1879), although not repealed in terms by the repealing act of 1880 (Chap. 245, Laws of 1880), was repealed by implication by the Code of Civil Procedure (§§ 1866, 1867).

To authorize an action under said Code for the construction of a will by one claiming the invalidity of provisions therein disposing of real property, there must be a disposition of some interest which may possibly be enjoyed in actual possession during the lifetime of the plaintiff, if the provision be decreed invalid.

It is not alone a case where a claim is made as to the character of a devise that the court can, under said Code, take jurisdiction; there must be some color of a question of construction before it can be called upon to construe it.

The will of H. gave her residuary estate to her executors in trust to pay the interest on $5,000 to her husband during life, and the income of. the residue to or for the benefit of her daughter C. during life; so much of the income as should be necessary, to be applied to her support and education during her minority; and after that time the income to be paid to her; upon her death the remainder to go to her issue. In case of the death of C. leaving no issue, the will directed the executors to sell the residuary estate and convert the same into money; $5,000 of the proceeds the testatrix gave to them in trust as a perpetual fund to be kept at interest, and the interest to be paid "for the relief of poor and destitute persons residing in Malone village." The balance was given to a religious society named. In an action brought by C. for a construction of the will *held*, that the will created a valid trust in favor of plaintiff during her life, with the legal estate in the trustees for that period; that so much of the income, if any, as was not required for plaintiff's support during her minority, was payable over to her when of age, and so there was no direction for accumulation; that the most that could be claimed for plaintiff is, that by reason of the invalidity of the gifts over, the testatrix died intestate as to a contingent remainder in her estate and plaintiff became

Statement of case.

seized thereof; that conceding this to be so (as to which *quære*), as such remainder is contingent upon her death without leaving issue, and so is an interest she herself can never enjoy, the action was not maintainable. (Code of Civil Pro. § 1866.).

Also, *held*, that plaintiff, in her character as heir-at-law of the testatrix, claiming in hostility to the will, could not maintain an action for its construction.

*Wager* v. *Wager* (89 N. Y. 161) distinguished.

(Argued December 2, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made May 5, 1885, which modified as to costs and affirmed as modified, a judgment entered upon a decision of the court on trial at Special Term.

This action was brought to obtain a judicial construction of the will of Adaline W. Horton, deceased, and a codicil thereto.

The testatrix died leaving plaintiff, her only child and heir-at-law, and her husband, Myron B. Horton, her surviving; he died before the commencement of this action. The testratrix died, seized of real estate of the value of about $25,000, and left personal estate to the amount of $38,000 and over. The provisions of the will in question are as follows:

"*First.* After all my just debts and the expenses of my funeral are fully paid and discharged, I give and bequeath to my husband Myron B. Horton five thousand dollars, to be paid to him immediately after my decease."   *   *   *

"*Third.* All the rest, residue and remainder of my property and estate, both real and personal, of every nature and kind whatsoever, and wherever situate, I give, devise and bequeath unto my executors hereinafter nominated and appointed, in trust, to take care, charge, custody and control of the same, and protect, watch over and manage the same and receive the rents and profits, interest and income thereof, during the lifetime of my daughter, Carrie W. Horton, and during her minority to apply such rents, profits, interest and income or so much thereof as shall or may be necessary therefor to her support, maintenance and education, and after her minority to

pay over to her from time to time the said rents, profits, interest and income."

"*Fourth.* If my said daughter shall, at her decease, leave issue, then from and after her decease I give, devise and bequeath the whole of said real and personal property to her children, in equal proportions, share and share alike, if all her children shall then be living, or if none of them shall have died leaving issue at the time of my death, but if any of her children or descendants shall have died leaving issue, then such issue to take the share or part of such property and estate which the parent of such issue would have taken by this will, if living at the time of my death."

"*Fifth.* But if my said daughter shall die without leaving issue, then and in that case I order and direct my said executors immediately to sell and dispose of all my real estate and property then remaining, and convert the same and every part thereof into money and available personal securities in their discretion, and I give and bequeath from and out of the moneys and securities which shall be realized or derived by them from such sale or sales and from and out of all my other personal property and estate to my said executors, whom I hereby appoint trustees for that purpose, the sum of five thousand dollars in trust, to be securely kept at interest and the interest paid from time to time by them for the relief of poor and destitute persons residing in Malone village, which moneys shall constitute a perpetual fund, and my said executors shall have and exercise their own judgment and discretion as to the mode of distribution and as to the persons to be benefited thereby — taking care that the same shall in no event assume a sectarian or denominational character — it being my desire and direction that the same shall be made as generally beneficial as possible."

"*Sixth.* And if my said daughter shall die without having issue as aforesaid, I give and bequeath all the moneys and securities which shall be realized and derived by my said executors from the sale or sales of my real estate and property as herein-

before ordered and directed, and all my other personal property, estate and effects of every nature and description, after deducting therefrom the sum of five thousand dollars last hereinbefore given and bequeathed to the First Congregational Society of the town of Malone, county of Franklin, to be used, applied and expended by the same, or the trustees thereof, in the manner they shall deem best for the uses and purposes of said corporation."

" *Seventh.* If, at any time, it shall seem to my executors necessary or expedient and for the interest of my estate so to do, they are hereby authorized and empowered to sell and dispose of my real estate and property or any part and parcel thereof, at such time or times, upon such terms and conditions and in such manner as they shall deem best, executing and delivering all needful and proper conveyances for that purpose."

The codicil contained this provision :

" *Whereas*, I, Adaline W. Horton, have made my last will and testament, dated the 2d day of January, 1878, now by this instrument, which I declare to be a codicil to my said last will and testament and to be taken as a part thereof, I order, direct and require my executors to pay to my husband Myron B. Horton, during his life from year to year the annual interest on five thousand dollars, which sum they are to keep at interest for that purpose so long as he shall live and the same is to be in addition to the bequest of five thousand dollars, made to him in my said will."

" And, lastly, it is my desire that the codicil be annexed to and form a part of my said last will and testament, to all intents and purposes."

*Leslie W. Russell* for appellant. The plaintiff has the capacity to maintain this action. (Laws of 1879, chap. 316; Laws of 1880, chap. 345, § 3, sub. 9, § 4; 3 R. S. Bank's [7th. ed.] 2284, *note.*) The jurisdiction of equity over trusts gives it authority to construe wills whenever necessary to guide the action of the trustee. ( *Wager* v. *Wager*, 89 N. Y. 161.) The trust attempted to be created by the will is illegal and

void. The accumulations cannot be held for the benefit of others ultimately entitled to the estate. The income can only be accumulated during plaintiff's minority, for her sole benefit, and must be paid to her at majority. (*Pray* v. *Hegeman*, 92 N. Y. 508; 1 R. S. 726, §§ 37, 58; id. 773, § 3; *Kilpatrick* v. *Johnson*, 15 N. Y. 326; *Manice* v. *Manice*, 43 id. 303.) The attempted bequest to the poor of Malone in perpetuity by the fifth clause is void. (*Adams* v. *Perry*, 43 N. Y. 487.) So also in one-half the residue sought to be given to the church by the sixth clause. (Laws of 1860, chap. 369.) The estate thus undisposed of descended at once to the plaintiff. (*Kerr* v. *Dougherty*, 79 N. Y. 328; *Lefevre* v. *Lefevre*, 59 id. 435.) The contingent interests of any unborn children of this unmarried plaintiff in no way interfere with this result. (*Brevoort* v. *Brevoort*, 70 N. Y. 136; *Mead* v. *Mitchell*, 17 id. 210; *Christie* v. *Phyfe*, 19 id. 345; *In re N. Y. L. & W. R. Co.*, Ct. of Ap. March 22, 1877, N. E. R. vol. 2, No. 6, p. 492; *Livingston* v. *Green*, 52 N. Y. 118; *Wolfe* v. *Van Nostrand*, 2 id. 436.) A remainder in four-sixths of the real estate contingent upon the death of the daughter leaving no descendant her surviving, was not embraced in the trust as the devisees were incapable of taking, and this remainder was not disposed of by the will. (*White* v. *Howard*, 46 N. Y. 144, 168, 169; 2 R. S. 729, § 22 [7th ed.], 2182.)

*W. P. Cantwell* respondent in person. The court will not entertain an action for the construction of a will, unless it involves a valid trust. (*Wager* v. *Wager*, 21 Hun, 93; *S. C.* 89 N. Y. 161; *Duncan* v. *Duncan*, 4 Abb. [N. C.], 275; *Stinde* v. *Ridgeway*, 55 How. 301; *Trow* v. *Shannon*, 59 id. 214.) In other words, the plaintiff cannot use the trust, as a pretext for an action, and at the same time, claim that it is invalid; for the action, in its very nature, is simply advisory as to the execution of the trusts conceded to be valid. (*Marlett* v. *Marlett*, 14 Hun, 314; *Chipman* v. *Montgomery*, 63 N. Y. 221, 229, 232; *Bowers*

v. *Smith,* 10 Paige, 193; *Post* v. *Hover,* 33 N. Y. 593; *Dill.* v. *Wisner,* 88 id. 160.) There is no present occasion for this action. The court will not entertain an action of this character, unless questions of present importance demand it. (*Bowers* v. *Smith,* 10 Paige, 203; *Onderdonk* v. *Mott,* 34 Barb. 111; *Parks* v. *Parks,* 9 Paige, 109, 122.) A demurrer is proper, and will be sustained when the complaint shows no reason for calling on the court to intervene. (*Topf* v. *Weigers,* 3 Law Bul. 103; Cited Gould's Dig. 1881, 354.) It is the duty of the court to carry into effect the intent of the testatrix, if such intent can be collected from the whole instrument, and is consistent with the rules of law. (1 R. S. 748, § 2; 3 R. S. [7th ed.], § 2205; *Parks* v. *Parks,* 9 Paige, 116; 3 Sandf. Ch. 293; *Keith* v. *Perry,* 3 Desaw, 353; *Bradford* v. *Hayward,* 2 id. 18; 2 Edwards, 242; *Lattimer* v. *Blumenthal,* 61 How. 360; *Sutherland* v. *Gesner,* 27 Hun, 283, 284; *Pond* v. *Bergh,* 10 Paige, 152.) Whenever the purpose of the testator can be carried out as to a valid provision, the invalidity of others will not affect it. (*Adams* v. *Perry,* 43 N. Y. 488, 501; *Harrison* v. *Harrison,* 36 id. 543; *Savage* v. *Burnham,* 17 id. 561; *Lang* v. *Ropke,* 5 Sandf. 371; *Tiers* v. *Tiers,* 98 N. Y. 573.) The trust in favor of Carrie J. Horton is valid. (3 R. S. [7th ed.], § 55, 2181; id., § 37, 2178; id., § 3, 2257; id., § 15, 2176; *Pray* v. *Hegeman,* 92 N. Y. 508; *Barbour* v. *De Forest,* 95 id. 13; 36 Hun, 531; *Parks* v. *Parks,* 9 Paige, 106; *Buel* v. *Southwick,* 70 N. Y. 581; *Moore* v. *Hegeman,* 72 id. 376; *Matteson* v. *Armstrong,* 11 Hun, 245; *Kiah* v. *Grenier,* 56 N. Y. 220; *Wylie* v. *Lockwood,* 86 id. 291; *Monarque* v. *Monarque,* 80 id. 320, 324; *Tiers* v. *Tiers,* 32 Hun, 184, 187; 98 N. Y. 568, 572; *Bradley* v. *Amidon,* 10 Paige, 235; *Post* v. *Hover,* 33 N. Y. 600.) The legal title vests in the executors as trustees. (*Donovan* v. *Van De Mark,* 78 N. Y. 244; *Tiers* v. *Tiers,* 32 Hun, 184, 189; 98 N. Y. 568.) The children of Carrie J. Horton, if any such there shall be, cannot be bound, or their rights affected, by a judgment in this case. (*Monarque* v. *Monarque,* 80 N. Y. 320, 325, 326; *Bowers* v. *Smith,* 10 Paige, 203; *Parks* v. *Parks,* 9 id. 106, 109, 122;

·*Onderdonk* v. *Mott*, 34 Barb. 111; *Tiers* v. *Tiers*, 32 Hun, 184, 189.) The court will not pronounce in advance the legal ·consequences of an event which has not happened and might never occur. (*Ward* v. *Ward*, 16 Abb. N. C. 253, 260, 303; *Estate of Hamersley*, 9 Civ. Pro. R. 293, 296, 303; 36 Hun, 528; *Cross* v. *De Valle*, 1 Wall. 5; *Davis* v. *Angel*, 8 Jur. N. S. 709, 1024; *Minot* v. *Taylor*, 129 Mass. 160; *Goddard* v. *Brown*, 12 R. I. 31; *Hampton* v. *Holman*, L. R., 5 Ch. Div. 183; *Jackson* v. *Turnley*, 21 Eng. L. & Eq. 13; *Thelluson* v. *Woodford*, 4 Ves. 227, 309, 310, 328; *Lady Langdale* v. *Briggs*, 39 Eng. L. & Eq. 194, 214–218; *Bailey* v. *Briggs*, 56 N. Y. 407.)

*Joseph R. Flanders* for respondent, Cantwell. The complaint is not so framed as to give the court jurisdiction to pass upon the provisions of the will in question, and to make a judicial determination of their construction and validity. (*Chipman* v. *Montgomery*, 63 N. Y. 230.) Carrie J. Horton has no standing, in court as a plaintiff, and is legally incapable of maintaining this action. She has no interest in any question which can be litigated herein. (*Moore* v. *Hegeman*, 72 N. Y. ·376; *Barbour* v. *De Forest*, 95 id. 13; *Amory* v. *Lord*, 9 id. 411; *Knapp* v. *Jones*, 47 id. 396; *Chipman* v. *Montgomery*, 63 id. 230, 235.) No material question exists in which the appellant Carrie J. Horton is interested in any manner or to any degree whatever. (*Parks* v. *Parker*, 9 Paige, 120, 122; *Bowers* v. *Smith*, 10 id. 203; *Onderdonk* v. *Mott*, 34 Barb. 111, 112; *Monarque* v. *Monarque*, 80 N. Y. ·320; *Marlett* v. *Marlett*, 14 Hun, 313.) The trust created by the will is valid. (*Moore* v. *Hegeman*, 72 N. Y. 376; *Pray* v. *Hegeman*, 92 id. 508; *Barbour* v. *De Forest*, 95 id. 313; *Knox* v. *Jones*, 47 id. 396; *Amory* v. *Lord*, 9 id. 403.) Where in a will a word not intended has been used and it appears that another certain word was intended, the court has power, and it is its judicial duty, to put upon the will the construction that was evidently to express, wherever and however the question shall legitimately arise, and the necessity shall

exist for judicial action upon it. (*Hall* v. *Thompson*, 23 Hun, 334; *Lottimer* v. *Blumenthal*, 61 How. 360; *Roseboom* v. *Roseboom*, 81 N. Y. 360; *Sutherland* v. *Gosner*, 27 Hun, 283, 284; *Du Bois* v. *Ray*, 35 N. Y. 162; *O'Brien* v. *Henry*, 2 Edw. 242; *Carter* v. *Bloodgood*, 3 Sand. Ch. 295; *Post* v. *Hover*, 33 N. Y. 593.) The obvious intention of the will is that Carrie J. Horton shall have the whole net income of the estate, wisely and prudently providing, that during her minority the executors shall control the amount of the expenditure. (*Post* v. *Hover*, 33 N. Y. 593; *Du Bois* v. *Bay*, 35 id. 162; *Kilpatrick* v. *Johnson*, 15 id. 508; *Pray* v. *Hegeman*, 92 id. 508; *Barbour* v. *De Forest*, 95 id. 13.) A void trust, which is separated from valid trusts contained in the same instrument, will not affect those which are valid, when the trust adjudged to be invalid is distinct from the other dispositions of the will, and subordinate to them, and not an essential part of the general scheme. (*Manice* v. *Manice*, 43 N. Y. 303; *Van Schuyler* v. *Mulford*, 59 id. 426, 432; *Adams* v. *Perry*, 43 id. 487; *White* v. *Howard*, 46 id. 144; *Kennedy* v. *Hoy*, 105 id. 134.) The act entitled "An act relative to disputed wills" (Laws of 1853, chap. 238, § 1; 3 R. S. 60, § 21; Banks [6th ed.], authorized no such action as this. (*Rowell* v. *Denning*, 22 Hun, 235; *Wager* v. *Wager*, 89 N. Y. 168; *Marlett* v. *Marlett*, 14 Hun, 316; *Chipman* v. *Montgomery*, 4 id. 739; *Bailey* v. *Briggs*, 56 N. Y. 413; 36 Hun, 529.)

*John I. Gilbert* for respondent, the First Congregational Society of Malone. The complaint does not set forth a cause of action in favor of the plaintiff, Carrie J. Horton. (*Bailey* v. *Briggs*, 56 N. Y. 407; *Chipman* v. *Montgomery*, 63 id. 221, 232; Code of Civil Pro., § 1866.) The court has no jurisdiction of this action. (*Wager* v. *Wager*, 89 N. Y. 161; *Dill* v. *Wisner*, 88 id. 153, 160; *Post* v. *Hover*, 33 id. 593; *Bowers* v. *Smith*, 10 Paige, 193, 200; *Chipman* v. *Montgomery*, 63 N. Y. 221; *Monarque* v. *Monarque*, 80 id. 320, 325; *Bailey* v. *Briggs*, 56 id. 407, 413; *Scott* v. *Onderdonk*, 14 id.

13 ; *Duncan* v. *Duncan*, 4 Abb. N. C., 275.) This action is premature as to what disposition should be made of the estate after the death of Carrie J. Horton. (*Bowers* v. *Smith*, 10 Paige, 203 ; *Onderdonk* v. *Mott*, 34 Barb. 111 ; *Monarque* v. *Monarque*, 80 N. Y. 320, 325 ; *Tiers* v. *Tiers*, 32 Hun, 184, 189 ; 98 N. Y. 568 ; *Cross* v. *Del Valle*, 1 Wall. 5 ; 3 R. S. [7th ed.], 2288 ; *Harris* v. *American Bible Society*, 2 Abb. Ct. App. Dec., 316, 324, 325.) Independent or separable parts of a will, if valid, should be preserved. (*Post* v. *Hover*, 33 N. Y. 593 ; *Kane* v. *Gott*, 24 Wend. 641 ; *Harrison* v. *Harrison*, 36 N. Y. 546 ; *Parks* v. *Parks*, 9 Paige, 108 ; *People* v. *Kenny*, 96 N. Y. 294 ; Laws of 1860, chap. 360 ; 3 R. S. [7th ed.] 2288 ; *Harris* v. *American Bible Society*, 2 Abb. Ct. App. Dec. 316, 324, 325.) A clerical error may be corrected in order to effectuate the intent of the testator. (*Lattimore* v. *Blumenthal*, 61 How. 360 ; *Dubois* v. *Ray*, 35 N. Y. 162, 165 ; *Carter* v. *Bloodgood*, 3 Sandf. Ch. 293 ; 1 Jarman on Wills, 211 and note *k.* ; *Bliven* v. *Seymour*, 88 N. Y. 469.) There is nothing illegal about the accumulations during the minority of Carrie J. Horton. (*Post* v. *Hover*, 33 N. Y. 593.) There is no illegal suspension of the power of alienation. (*Donovan* v. *Van De Mark*, 78 N. Y. 244 ; *Wead* v. *Cantwell*, 36 Hun, 528.)

PECKHAM, J.   The plaintiff claims the right to maintain this action, primarily, under the act, chapter 316, Laws of 1879, entitled "An act to amend chapter 238 of the Laws of 1853, entitled 'An act relative to disputed wills.'" The act of 1879, we think has been repealed by implication by the passage of the Code of Civil Procedure, sections 1866, 1867. A careful perusal of both enactments must lead to the conclusion that the later act covers the subject of the earlier one and was plainly intended to furnish the law thereon. And by section 1867, the article in which section 1866 is contained, is made to apply to wills made before as well as those made after it takes effect, which is another strong argument in favor of the conclusion that the act of 1879 was meant to be repealed.

In such case the later statute repeals by implication the earlier one. (*Heckman* v. *Pinkney*, 81 N. Y. 211 ; *People* v. *Jahne*, 103 id. 182, 194.) It is argued on behalf of the plaintiff that the act of 1879 is saved from repeal by virtue of the provision of the act, chapter 245 of the Laws of 1880, entitled "An act repealing certain acts and parts of acts." That act repealed in so many words chapter 238 of the Laws of 1853, the first section of which was amended by the act of 1879. By subdivision 9 of section 3 of the repealing act of 1880, it was enacted that, "the repeal of any provision of the existing laws which has been amended by a subsequent provision of those laws, *not expressly repealed by this act,* does not affect the subsequent provision." The act of 1879 was not expressly repealed by the repealing act of 1880, and hence was not affected by the passage of that act. That provision has, however, no effect upon the general rule of law as to the repeal of statutes by implication, and therefore does not in any way alter the effect which the passage of a later statute covering the whole subject has upon an earlier statute upon the same subject, although the later contains no express words of repeal.

Holding as we do that sections 1866 and 1867 do thus cover the subject and were intended to take the place of the act of 1879, it was thereby repealed although not repealed in terms by the act of 1880.

Under section 1866 of the Code of Civil Procedure, already alluded to, we do not think this action can be maintained.

In the will in question there is a plain and undoubtedly valid trust created in favor of the daughter of the testatrix, the plaintiff herein, for her life and of substantially the whole of the estate, real and personal, of which the testatrix died seized, and after the plaintiff's death the remainder in fee to her children or to their issue if dead. It is only in case there shall be no children or issue at the death of the plaintiff that the provision is made for the poor of Malone and for the corporation defendant. Thus in regard to the whole of this estate the plaintiff is simply a *cestui que trust* and will remain so during all her life, the legal estate

being in trustees under a valid trust to pay over to her the rents and profits so long as she lives. We think there is no force in the criticism that the trust is void because the balance of the rents and profits, if any, during her minority, not required for the support of the plaintiff, is or may be added to the corpus of the estate and interest obtained therefrom for the *cestui que trust.* There is no direction for an accumulation, and the whole of such balance, if any remain, must be paid over to her when of age according to the terms of the will as we think. Assuming the validity of this trust therefore, about which there can in reality be no room for dispute or argument, what interest has this plaintiff in any other question?

The plaintiff claims that the bequest to the poor of Malone, which is made to depend upon the contingency of her death without children, is void. There may be no doubt about that proposition, and for the purpose of the argument here it has been conceded by the defendants. She also claims that the devise of the balance of the estate (upon the same contingency) to the corporation defendant is void, to the extent of one-half thereof by reason of the provisions of chapter 360 of the Laws of 1860, prohibiting under certain limitations the devise of more than one-half of the testator's estate to any religious corporation. The counsel for the corporation defendant, for the same purpose, has conceded the invalidity of the devise to it, to the extent of one-half. Assuming therefore the invalidity of the bequest and devise, the plaintiff further claims that she is the absolute owner of the $5,000, and the surplus over one-half of the estate. If this claim were even questionable, if it were possible to found a fair argument in relation to it, there would be ground for the plaintiff's contention that such an action as this would lie to obtain a construction of the devise. But it is not alone a case where a claim is made in regard to the character of a devise that the court under this section of the Code can take jurisdiction. There must be some color of a question for construction before the court can be called upon

to construe the devise. Here we have no doubt that the plaintiff's claim of absolute ownership of the $5,000, and the balance over one-half of the estate, based upon the invalidity above mentioned has no foundation whatever and does not furnish even the color of an argument for such construction. The most that can be argued plausibly for the plaintiff is that by reason of the invalidity of the bequest of $5,000, and of the one-half of the surplus to the corporation defendant, the testatrix died intestate as to a contingent remainder in her estate to that amount, because it was undisposed of by her will, and upon her death this remainder passed to her heir who is the plaintiff herein, and she became at once seized of such interest. That interest is a remainder contingent upon the plaintiff's own death without children or representatives of children. (See *White* v. *Howard*, 46 N. Y. 144.) In other words it is an interest which she never can herself enjoy because of the existence of a valid trust in the whole estate which is to continue under all contingencies during her life, and then the estates goes to her children if she leave any. All that she could do would be to sell such interest, if she could find any one to buy it, or dispose of it by her will. This she can do now. We do not think that one who stands in such a relation to property can maintain an action for the construction of a devise in regard to it under section 1866 of the Code. The testamentary disposition of real property, or of an interest therein, the validity, construction or effect of which may be determined under the above-quoted section, and where its invalidity is sought to be determined, must be a disposition of some interest in real estate which may possibly be enjoyed in actual possession (if the invalidity of such disposition be decreed) during the lifetime of the person who seeks the aid of the court in construing the devise of such real estate or interest therein. In this case the contingency upon which alone the question can arise may never occur, for the plaintiff may marry and have children who (or their issue) may be living at her death, in which case they take the fee and the contingency never happens. It is not a case where any practical benefit can arise to the plaintiff

in having this will authoritatively construed as to the devise of the real estate.

Nor do we think the plaintiff makes out any case under the general rules which obtain in a court of equity for the construction of wills. The foundation of such jurisdiction rests on the jurisdiction which a court of equity has over trusts. (*Chipman* v. *Montgomery*, 63 N. Y. 221; *Wager* v. *Wager*, 89 N. Y. 161.) In her general character as an heir-at-law of her mother the plaintiff, if she claims that the trust for her life is void, claims in hostility to the will and cannot maintain an action to obtain a construction thereof. (*Chipman* v. *Montgomery, supra*.) Here the trustee under the will creating a trust for the life of the plaintiff, is in possession of the estate recognizing the validity of the trust, and assuming to carry out its provisions. The claim of the plaintiff to the absolute ownership of the $5,000, and the surplus over one-half of the balance of the estate, we have seen rests on no colorable foundation, and hence it is seen that she is under no circumstances entitled to obtain from the executors any personalty other than the rents and profits, which the executors do not claim themselves but acknowledge the right of the plaintiff to receive, and which they propose to pay over in accordance with the terms of the will.

The case is wholly unlike that of *Wager* v. *Wager* (*supra*), for there the widow (who was also the executrix) against whom the action was commenced by the next of kin and heirs-at-law of her husband, claimed that by the terms of the bequest in the will of her husband, she owned the whole property which he left at his death, and she therefore took possession of the same in her own right and claimed to hold it to the exclusion of the plaintiff and the other heirs and next of kin. This court held that the plaintiffs had a right of action; that as to the personalty an executor was always a trustee, and any one claiming an interest in such personalty either as legatee under the will, or as entitled to it under the statute of distribution, might when the executor claimed such interest in his own right bring suit to settle the construction and ascertain the validity

·of the provisions of the will so far as plaintiff's interests were concerned, and to enable them to obtain from the executors .such portions of the estate as they were entitled to. This is .no such case. The plaintiff is entitled to none of the personalty ·of the estate and never will be, except as it comes to her in the :shape of rents and profits from the hands of the trustees under the will, the provisions of. which they assent to, declare the validity of and are engaged in carrying out.

In thus coming to the conclusion that the plaintiff cannot maintain this action, it was necessary to some extent to construe the will in order to see what the status of the plaintiff is with regard to it, and hence to determine whether she could maintain this action. What has been said as to the interest of the plaintiff in the estate consequent upon the invalidity of the bequests above mentioned, cannot of course conclude any one not a party to this action or properly represented herein.·

Whether the plaintiff took as heir-at-law of her mother an . interest in the contingent remainder above described, or whether it goes to the heirs of the mother who will be such when the plaintiff dies without children, we do not assume .authoritatively to decide. We only say that such interest is the most (if any) that the plaintiff takes in the mother's estate (outside of and beyond the trust), if it be assumed that the bequests spoken of are void. That she does take even that ·estate we do not for we cannot decide so as to bind those who might claim it on the happening of the contingency and as the then heirs of the testatrix as against the heirs or grantees of the plaintiff.

Lastly, in this discussion, we have assumed that the word ·" my," as used in the fourth clause of the will, should read ·"her." That this is the true construction to be placed on the ·will cannot, as we think, admit of doubt. The testatrix is ·providing for the contingency of the death of her daughter leaving issue at her (the daughter's) death, and the whole context makes it perfectly plain that the death spoken of is the ·death of her daughter after her own decease, and not the death ·of any issue of the daughter during the lifetime of the testatrix.

Upon the whole case we think there is no practical or present controversy to be determined, and the contingency may never arise in which the question can become a practical one, and even then, if it do hereafter arise, there is no certainty there will be any contest whatever in regard to it. At any rate the matter is, so far as the plaintiff is concerned, a purely abstract one, and courts do not sit to determine abstract questions.

For these reasons the judgment of the Supreme Court. should be affirmed, with costs payable as therein directed.

All concur.

Judgment affirmed.