### ADAMS *v.* BECKER *et al.*

*(Supreme Court, General Term, Fifth Department.    December 30, 1889.)*

1. **WILLS—CONSTRUCTION—JURISDICTION OF SUPREME COURT.**
    A will which gave one-half of testator's property to his wife for life, with remainder to his son at his majority, and which provided that. in case the son should die without issue, the entire estate should go to the testator's brothers and sister, and that, in case the son should die before the wife, then three-fourths should go to the wife for life, with remainder to the brothers and sister, and reserving in either case the use of the house, barn, and garden to testator's father for life, is too plain to require construction. under Code Civil Proc. N. Y. § 1866, which gives the supreme court jurisdiction, on the application of the heir at law or devisee, to interpret the will, and determine the nature and character of the interests devised.

2. **SAME—INTERESTS INVOLVED.**
    Before a person claiming the invalidity of the provisions of a will can invoke the equitable jurisdiction of the supreme court for a construction of the will under Code Civil Proc. N. Y. § 1866, he must show that there is a disposition of some interest by the will which might possibly be enjoyed in actual possession during plaintiff's life-time, if the provision of the will should be declared invalid.

Appeal from judgment on report of referee.

Action by Albert I. Adams against Lucretia Becker and others for the construction of the will of Albert Adams, deceased. From a judgment entered in Livingston county, plaintiff appeals. For report of former appeal, see 47 Hun, 65.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*A. J. Abbott,* for appellant.    *S. Hubbard,* for respondents.

MACOMBER, J.    The will for the construction of the provisions of which this action is brought is in its material parts as follows: "After the payment of all my honest debts and funeral expenses, I give and bequeath to my wife,

Cynthia W. Adams, the use of one-half of both my real and personal property, together with the entire household furniture, etc., during her life-time. I give the balance of my estate, both personal and real, to my son, Albert I. Adams, at his majority, and, in case my son dies without issue, then I give my entire estate to my brothers, Asael B. Adams, Isaac Adams, and Willis Adams, 2nd, and my sister, Lucretia Becker, to share and share alike. I also give to my father, Willis Adams, during his life-time, the use of the house, barn, and garden where he is now living." "I also appoint my friend, Charles A. Coykendall, guardian for my son, Albert, during his minority. In case my son, Albert, dies before my wife, Cynthia, then I give and bequeath the use of three-fourths of my entire estate to my wife during her life-time, and the use of the remainder to my brothers and sister aforesaid."

Upon the first trial of this action the learned referee dismissed the complaint for the reason that, as stated in his report, inasmuch as there was no trust created by the will, there was nothing alleged in the complaint which entitled the plaintiff to call upon the court for the exercise of its equity powers. Upon an appeal from that decision to this court, it was held (47 Hun, 65) that such decision of the referee was erroneous, and a new trial was granted. Though the opinion embracing such decision of the general term contains many expressions which would warrant a resort to the court for the construction of this will, yet the only thing there evidently meant to be decided was that, under section 1866 of the Code of Civil Procedure, jurisdiction is conferred upon the supreme court, upon the application of the heir at law, to interpret a will, and to judge when any of the several devises were void, and also to determine the nature and character of the interests of the several devisees in the real estate of which the testator died seised, in accordance with *Drake* v. *Drake*, 41 Hun, 366, and citing *Wead* v. *Cantwell*, 36 Hun, 528; *Wager* v. *Wager*, 23 Hun, 439; *De Bussierre* v. *Holladay*, 55 How. Pr. 220. The court there held that it was not necessary that there should have been created by the will a trust, in order to enable parties beneficially interested in such will to bring an action for its construction. Upon the first trial the referee did not place his decision upon the ground that the terms of the will were so plain as not to require construction. He seems to have determined the case solely upon the ground that it was necessary, to enable a party to come into this court for a construction of the will, that there be a trust involved which would give the court jurisdiction in equity, and which would relieve him of the general rule existing at common law; that, in the absence of a trust, the party in possession must wait an attack upon his rights, and, if out of possession, must bring his action at law to establish his claim. This court had not, at the time of the former decision, the benefit of the views of the court of appeals, as expressed in the case of *Horton* v. *Cantwell*, 108 N. Y. 255, 15 N. E. Rep. 546, although the case was cited in the opinion above mentioned, in 36 Hun, 528, *sub nom. Wead* v. *Cantwell*. The court of appeals distinctly held, in *Horton* v. *Cantwell*, *supra*, that it is not alone a case where a claim is made as to the character of a devise that the court can, under section 1866 of the Code of Civil Procedure, take jurisdiction,—there must be some color of a question of construction before it can be called upon to construe it; and that the courts will not sit merely to determine abstract questions. See, also, *Anderson* v. *Anderson*, 20 N. Y. St. Rep. 344.

Let us first settle whether construction is at all admissible. Lieb. Herme. c. 3, § 4. With this governing and sensible rule before us, there does not appear to be, in the several provisions of this will, any ambiguity, contrariety, or inconsistency which would lead the parties to resort to the court for instructions. One of the canons of construction is that construction should never be resorted to unless the same is necessary.

There is nothing in the will that deprives Cynthia W. Adams of her dower rights. *Konvalinka* v. *Schlegel*, 104 N. Y. 125, 9 N. E. Rep. 868. Without

any construction, it is clear that the widow of the deceased was entitled, in any event, to the use and income and profits of one-half of all of the personal property, and of the household furniture, and to the use, income, and profits of one-half of all of the farm and real property, except the house and lot and barn reserved for the use of the testator's father. The plaintiff, Albert I. Adams, the son of the testator, had a vested remainder in fee, limited upon the death of Cynthia W. Adams, his mother, in and to all that part of property and real estate in and to which his mother has a life-estate of the use, income, and profits thereof. That, subject to the like contingencies and conditions, the plaintiff is also entitled to an estate in fee-simple to all other of the real property mentioned in the complaint. The whole of the plaintiff's rights is subject to be entirely defeated by the contingencies or limitations or condition subsequently appearing in the will, namely, that in case he (the plaintiff) die without issue, then, and in that case, and from the time of his said death, a substituted remainder in all of said real estate and said property to which the plaintiff is or may be entitled, as aforesaid, is given and devised to and vests in other persons named in the will of the deceased. *Avery* v. *Everett,* 110 N. Y. 317, 18 N. E. Rep. 148; *Vanderzee* v. *Slingerland,* 103 N. Y. 47, 8 N. E. Rep. 247; *In re Railroad Co.,* 105 N. Y. 89, 11 N. E. Rep. 492; *Beck* v. *Ennis,* 7 N. Y. Supp. 264. A reference to these citations, and to the plain reading of the will, will show that the testator, in these several provisions for the benefit of his family and relatives, did not make provision in case of the death of his son during the testator's life-time only, but at any time after attaining the age of 21 years, provided he died without issue. The plaintiff, at the time of the making of the will, was only six years of age. The testator evidently contemplated that his wife and child would equally share his bounty during their joint lives, and that his brothers and sister should take the whole estate after the death of the son, without issue, and after the death of the widow. Being more concerned for the welfare of his son than he was of his brothers and sister, he provided that, in the contingency that the mother should outlive her unmarried son, the mother should have not only one-half, but three-fourths, and the brothers and sister should take the residue. The plaintiff clearly took a conditional fee, defeasible by his dying without leaving issue living at the time of his death, and the brothers and sister of the testator took a contingent remainder. *Vanderzee* v. *Slingerland,* 103 N. Y. 47, 8 N. E. Rep. 247; *In re Railroad Co.,* 105 N. Y. 89, 11 N. E. Rep. 492; *Avery* v. *Everett,* 110 N. Y. 317, 18 N. E. Rep. 148. While it is true that a devisee or heir at law may, under section 1866 of the Code, come into court and ask for the construction of a last will, yet it is not every will and every interest which will enable a party thus to call upon the court for advice and assistance. It was distinctly held in *Horton* v. *Cantwell, supra,* that any person claiming the invalidity of the provisions of a will disposing of real property must make it appear that there was a disposition of some interest made by the will which might possibly be enjoyed in actual possession during the life-time of the plaintiff, if the provision of the will be declared to be invalid. The court say, (108 N. Y. 265, 15 N. E. Rep. 553:) "But it is not alone in a case where a claim is made in regard to the character of a devise that the court, under this section of the Code, can take jurisdiction. There must be some color of a question for construction before the court can be called upon to construe the devise. * * * We do not think that one who stands in such a relation to property can maintain an action for the construction of a devise in regard to it, under section 1866 of the Code. The testamentary disposition of real property, or of an interest therein, the validity, construction, or effect of which may be determined under the above-quoted section, and where its invalidity is sought to be determined, must be a disposition of some interest in real estate which may possibly be enjoyed in actual possession, if the invalidity of such disposition be decreed, during the life-time of the person who seeks the aid of the court in constru-

ing the devise of such real estate, or interest therein. In this case the contingency upon which alone the question can arise may never occur."

Whatever imaginary questions have attempted to be thrust into this case by the ingenious argument of counsel, there does not appear to have been any pretense on the part of any person directly or indirectly benefited by this will to deny the plaintiff's right, in connection with his mother, to enjoy the entire income of all of the property of the decedent during their joint lives, save only the house and lot and barn reserved to the decedent's father, except through the contention already adverted to, respecting the death of the plaintiff during the life-time of his father, before the will took effect. No possible questions can be brought into the case which might lead to a dispute of the right of the plaintiff and his mother to the present enjoyment of the property. The case, therefore, which is presented to us, is purely speculative, and not real. The judgment entered upon the report of the referee does not disturb the *status quo,* and does not require any affirmative action by any person. It does not deny to any person any possession or right which is judged to be unlawfully maintained, and it does not give to any other person the enjoyment of the sum under a holding that such person has been hitherto unlawfully deprived thereof. The case, therefore, comes down to this proposition: that the plaintiff, although he has now attained the age of 21 years, when the devise to him was to take effect, may die without issue, in which event the brothers and sister of the testator would take the estate after the death of the widow. But the plaintiff himself is not interested in a judgment of the court to that effect, nor do any of the defendants desire it. He seems, on the whole, to have resorted to this action for the purpose of getting an adjudication upon the wholly untenable proposition that, inasmuch as he did not die during the life-time of the testator, the brothers and sister of the testator cannot, in any event, take any interest in this estate. This contention does not, in my judgment, come up to the level of the rule which requires that there must be some color of a question of construction before the court can be called upon to construe a will. This evidently was the opinion of the learned referee upon the last trial. Although feeling himself bound by what he deemed to have been embraced in a former decision of this case, he has proceeded to construe the will, which construction is nothing more than a reading of the will. It matters very little whether, in this particular case, we affirm the judgment entered upon his report, or reverse entirely, upon the ground that no proper case has been made out for the interposition of the court, except that an affirmance of a judgment so reluctantly pronounced by the referee would make a bad precedent, and would invite litigious parties into court upon the most flimsy pretext of a necessity for the construction of a last will relating to real estate. On the whole, we think the judgment should be affirmed, with costs.

All concur.