(27 Misc. Rep. 279.)

THOMPSON v. REMSEN et al.

(Supreme Court, Special Term, New York County. April, 1899.)

1. PLEADING—COMPLAINT—DEMURRERS.
    A complaint is not demurrable because it lacks definiteness and precision, or because material facts are only argumentatively averred.

2. SAME.
    A demurrer to a complaint for insufficiency cannot be sustained because the complaint asks for relief to which plaintiff is not entitled, where it states facts entitling him to any relief at all.

3. WILL—ACTION TO CONSTRUE.
    An action to construe a will, where involving only a purely abstract question, will not be entertained.

4. SAME—TRUSTS—RIGHT OF CESTUI QUE TRUST TO SUE.
    A cestui que trust under a will cannot sue the executors in relation to the trust property, where it is not shown that the trustees under the will have refused to sue, or that they have been requested, or that a request would be useless.

Action by Jane Remsen Thompson against Charles Remsen and others, as executors and trustees of William Remsen, deceased, and others. Demurrer to complaint sustained.

Lewis & Stoddard, for plaintiff.
John M. Perry and Everett V. Abbot, for defendants.

SCOTT, J. The defendants Remsen and Manice, as executors of and trustees under the last will and testament of William Remsen, deceased, demur to the complaint for insufficiency. The complaint alleges: The death of William Remsen, leaving, him surviving, five children, to wit: Robert George Remsen; the plaintiff, who is the wife of Joseph T. Thompson, a defendant; Charles Remsen; Elizabeth Remsen; and Sarah Remsen Manice, the wife of the de-

fendant William. That at the time of his death William Remsen stood seised of a large number of pieces of real estate in the city of New York. That he left a last will, which was duly admitted to probate, in and by which he appointed the defendants Charles Remsen, William Manice, and Joseph T. Thompson executors and trustees. That said Remsen and Manice duly qualified as executors thereof, but said Thompson never qualified as executor, and has renounced his right to administer upon the estate. That, with the consent and approval of this court, Joseph T. Thompson has renounced as trustee of four of the five trusts created by the will, and Remsen and Manice have resigned as trustees of the others of said five trusts, and as to said last-mentioned trust (being the one created for the benefit of plaintiff) the United States Trust Company has been appointed co-trustee with said Thompson. That by his said will the said William Remsen, after certain specific bequests of personal property, devised and bequeathed his residuary estate, real and personal, to his executors, and the survivors and survivor of them, to and for certain uses and purposes, and (in the language of the will):

"First. In trust to divide the same into five equal parts or shares, and to allot to my children, Robert George Remsen, Charles Remsen, Jane, wife of Joseph T. Thompson, Elizabeth Remsen, and Sarah, wife of William Manice, each one of said five parts or shares. Second. And, as to each of said parts or shares, to continue seised of the same for and during the life of the child to whom such part or share is allotted, * * * and on the death of each of the children above named to convey, pay over, and distribute the whole capital of the part or share of the child so dying, with all the accumulations thereof, to and among the lawful issue, if any, of such deceased child; and, if such child leave no lawful issue him surviving, then to divide, distribute, and pay over the said capital and accumulations, in equal proportions, to and among the children then living of any surviving brothers and sisters, * * * per capita, and not per stirpes."

That in November, 1896, the defendants Charles Remsen and William Manice, as executors as aforesaid, commenced an action against the plaintiff and other persons interested in the estate for an accounting, and to obtain permission to resign as trustee of the fund allotted to the plaintiff, and for the appointment of the United States Trust Company as co-trustee of said fund with the defendant Joseph T. Thompson. That an interlocutory decree was thereupon entered permitting the said Remsen and Manice to resign as trustees of the fifth part or share of said.estate to be allotted to plaintiff, and appointing the United States Trust Company co-trustee with said Thompson of said part or share, and appointing a referee to take and state the accounts of said Remsen and Manice, as executors, as to the personal property which had come into their hands. That thereafter the said Remsen and Manice filed with said referee three several accounts respecting the said personal property, and the rents received by them from the real estate of which said William Remsen died seised, and the proceeds of several small parcels of real estate which they had sold. That the referee took and stated said accounts, and in September, 1898, a final decree was entered, settling and confirming said accounts, and dividing the personal estate, except certain se-

curities set aside to meet a possible liability of the estate, and the proceeds of the sale of said parcels of real estate which had been sold, into five equal parts or shares, and allotting one of said parts or shares to each of the testator's five children, according to the provisions of the will. That, pending the proceedings before the referee, Robert George Remsen, one of the testator's children, died intestate and unmarried, and the fact of his death was set forth in the final decree, and the executors were directed to divide the one-fifth part or share of said personal estate and proceeds of real estate sold, which was allotted to said Robert George Remsen, into eight equal parts, and to deliver and convey one of said parts to each of the children of the surviving brothers and sisters of said Robert George Remsen. That the defendants Remsen and Manice, executors as aforesaid, have never made any division and allotment of the real estate of which said William Remsen died seised, except the proceeds of the small portion sold by them, and still retain the same in their own hands and under their management and control. That it appears from the accounts of said executors that the net average annual income derived by the executors, during the three years following the testator's death, from the real estate of which he died seised, was less than $2\frac{1}{2}$ per cent. upon the value thereof. That, as the plaintiff believes, such is not an adequate income therefrom, and, if her share thereof were set off and allotted to her according to the directions of said will, her annual income would be materially increased. That under the terms of said will she has an absolute right to have the one-fifth part of said real estate set off and allotted to her in severalty, and formally transferred to her trustees, the defendants Joseph T. Thompson and the United States Trust Company. That the plaintiff is advised and avers that, immediately upon the death of Robert George Remsen, each of the children of his surviving brother and sisters became and was seised in fee of an undivided one-eighth of the undivided one-fifth part of said real estate, directed by said will to be allotted to said Robert George Remsen. That by reason of his death, and the consequent vesting of the share which should have been allotted to him in said children, who are infants, it is doubtful whether said executors can now lawfully divide and allot said real estate. That it is claimed by certain of the parties interested in the estate that under the provisions of said will there has been an equitable conversion of said real estate into personalty, which claim is disputed by others. That there is a difference of opinion among said parties as to whether the said defendants Thompson and the United States Trust Company are seised of that undivided one-fifth part of said real estate of which the plaintiff is life tenant, and the provisions of testator's will respecting the disposition of his real estate are so indefinite and uncertain that a construction thereof by this court is necessary before the division and allotment of said real estate can safely be made. That the defendant Charles Remsen is a life tenant of one undivided fifth part of said real estate, and his three children have an estate in remainder in such undivided one-fifth part, besides being

each the owner in fee of one undivided one-eighth of one other undivided one-fifth. That the wife of the defendant William Manice is the life tenant of one undivided one-fifth part of said real estate, and his two children have an estate in remainder therein, besides being seised in fee each of one undivided one-eighth of another undivided one-fifth. That by reason of these facts the said Remsen and Manice are disqualified by reason of interest to make division and allotment of said real estate except under direction of the court. The will of William Remsen is attached to the complaint as a part thereof, the names of all parties interested in the estate are given, and the usual averment is made that the real estate described embraces all the real estate owned in common by the persons named, and in which no other persons are interested.

The complaint is certainly open to the charge of inartificiality. It is not made clear by it upon what precise theory the plaintiff has brought her action, nor to what precise relief she deems herself to be entitled. A complaint cannot, however, be held insufficient on demurrer merely because it lacks definiteness and precision, or because material facts are only argumentatively averred. Marie v. Garrison, 83 N. Y. 14. Nor can a demurrer for insufficiency prevail because the plaintiff has asked for relief to which · she is not entitled, if the complaint states facts entitling her to any relief at all. Wetmore v. Porter, 92 N. Y. 76. There are allegations in the complaint which would be appropriate in an action for partition, but, from the statement of the plaintiff's interest in the real estate, it is evident that she cannot maintain an action for that purpose. Under the terms of the will, she has no title whatever in the real estate, but is simply a cestui que trust as to an undivided one-fifth thereof. There are also in the complaint certain allegations which would be appropriate in an action for the construction of the will, but the plaintiff fails to show that any question has arisen so affecting her interests as to entitle her to maintain an action for this purpose. So far as she is concerned, any question affecting the construction of the will, in the particulars indicated by the complaint, is a purely abstract one, and the courts will not entertain an action to determine mere abstract questions. Horton v. Cantwell, 108 N. Y. 255, 15 N. E. 546. Whether or not the share of Robert George Remsen is vested in his nephews and nieces, whether or not there has been an equitable conversion of the real estate, whether or not the plaintiff's trustees are vested with an undivided one-fifth of the real estate, the plaintiff's interest in the estate will remain precisely the same. In either or any case she will be entitled to receive for her life the income from one-fifth of the estate, and nothing more.

The plaintiff, however, insists that she is entitled to maintain this action in order to compel the executors to divide and allot the real estate. The direction contained in the will that the executors should divide and allot the estate did not, strictly speaking, create a trust, but conferred upon the executors a power, to be exercised in good faith for the benefit of all those interested in the estate. That the donee of such a power can be compelled, in a

proper case, at the suit of a proper party, to execute the power, cannot be doubted; and the only question here is whether the plaintiff has any interest in the estate which will entitle her to maintain a coercive action against the executors, and, if she has such an interest, whether her complaint, all the allegations of fact being taken as true, makes out a case for equitable relief. The scheme of the testator's will was extremely simple. After dividing the estate into five equal parts, and allotting one part to each of the testator's children, the executors were to stand seised, as trustees, of each of said parts or shares, and to continue seised of the same during the lifetime of the child to whom it was allotted, receiving the income and paying it over to such child during his or her lifetime, and at his or her death conveying, paying over, and distributing such share to the children of said deceased child, or his or her nephews and nieces, as the case might be. The will contains two powers of sale. The trustees of each of the several parts or shares are given a general power of sale in their discretion, and by the seventh clause of the will the executors, "for the more convenient discharge of the duties imposed upon them," are also given power to sell any part of the real estate. It seems to be quite clear that the testator's intention was that the estate should be divided in specie into five separate and distinct parts or shares, but, as to each one of them, the executors were to hold the whole title as trustees. Upon the resignation of Charles Remsen and William Manice as trustees of the one-fifth to be set apart for the plaintiff, the defendant Joseph T. Thompson and the United States Trust Company became vested, if not with the title to the plaintiff's undivided share of the real estate, at least to all the powers, duties, and obligations incident to ownership thereof as trustees. Remsen and Manice, however, still remained executors, and as such charged with the duty of dividing the estate, and allotting the several shares or parts thereof. Primarily, it is the duty of the plaintiff's trustees to protect her interests, and to compel the executors to actually divide and allot the real estate, if, in their judgment, such action is necessary for her full enjoyment of the provisions made for her by her father's will. As was said by the court of appeals in Railroad Co. v. Nolan, 48 N. Y. 517:

"The trustees are the parties in whom the fund is vested, and whose duty it is to maintain and defend it against wrongful attack or injury tending to impair its safety or amount. The title to the fund being in them, neither the cestui que trust nor the beneficiaries can maintain an action in relation to it against third parties, except in case the trustees refuse to perform their duty in that respect."

In Weetjen v. Vibbard, 5 Hun, 265, which was a case where cestuis que trustent brought an action in their own names to enforce a trust, the general term of this court said:

"For all the purposes of the case they [the cestuis que trustent] are represented by the trustee acting in their behalf, and, when he has not been implicated in the wrong intended to be redressed, he is the person who should take proceedings for its correction; and, until his refusal to do so is shown in the case, an action by the beneficiaries must be regarded as premature. They are permitted to maintain the action only when that may be the necessary way of

protecting their interests, and no such necessity can exist when the conduct of one of the trustees is free from objection, and he has not declined to prosecute in their behalf."

Tested by the rule enunciated in the foregoing cases, which are amply supported by other authorities, the plaintiff fails to establish her right to maintain this action to compel the executors to exercise the trust power of division and allotment imposed upon them by the will. It is not alleged that her trustees have refused to take appropriate action to compel the division or allotment, or even that she has requested them to do so; nor are any facts alleged from which it can be fairly inferred that it would be useless to make such a request of them, as might have been assumed to be the case if, as to her share, the offices of executors and trustees had remained vested in the same persons. Upon a careful analysis and scrutiny of the complaint, I am unable to see that it states any cause of action; and the demurrer must therefore be sustained, with costs, with leave to plaintiff to amend on payment of costs.

Demurrer sustained, with costs, with leave to plaintiff to amend on payment of costs.