Edward S. Silver, J.
This is an application to withdraw frauds deposited with the Director of Finance of the City of New York pursuant to section 2218 of SCPA. Decedent’s sole distributee was his mother, a national and resident of Poland. It is alleged by petitioners that she has since died and that they, also nationals and residents of Poland, are her sole heirs and entitled to the funds.
The matter was referred to a Referee to hear the proofs of the parties on all questions and issues herein. The Referee has made his report and two motions are before this court, one to confirm the report and one to modify and as modified, to confirm.
The court notes that at the hearings no proof was submitted as to whether petitioners would have the benefit, use or control of the funds should the funds be released to them (SCPA 2218). The Referee has recommended that the money remain on deposit, pending “ an affirmative showing that the proper persons, sufficiently identified, shall have the benefit or use or control of the funds to be paid out.” Petitioners submit that the evidence was sufficient to identify them as the persons who are the heirs of decedent’s mother and move to modify the report of the Referee in that respect; with that modification only, they then move to confirm. Their affidavit sets forth and acquiesces in the recommendation of the Referee “ [t]hat the question of use, benefit and control of Polish distributees of their distributive shares in this or other estates must be deferred until Matter of Kina (49 Misc 2d 598) has been resolved,” the reference being to the course of that proceeding through the appellate courts. This is tantamount to a withdrawal of that part of the petition for release of funds at this time.
The court thus has before it nothing more than an application for the present determination of the identity of the persons who might be entitled to the funds, upon the happening of a future contingency within their lifetime. This can hardly be characterized as a “ practical or present controversy to be determined, and the contingency may never arise in which the question can become a practical one ”. (Horton v. Cantwell, 108 N. Y. 255, 269; Matter of Mount, 185 N. Y. 162.)
The general rule, to which this court must adhere, is that academic questions will not be determined. In this case, the proceeding was not academic when initiated. The petition for withdrawal was presented September 25, 1964. In Matter of Tybus (28 Misc 2d 278), decided by this court July 12, 1961 it was held that, under the conditions then shown to exist in Poland, beneficiaries in that country would have the use, benefit and control of funds transmitted to them. Since that decision, on *12 March 11, 1966 in Matter of Kina (supra) the court found that under the conditions now appearing, beneficiaries in Poland would not have the use, benefit and control of such funds within the meaning of the statute. Petitioners have chosen to rely upon the evidence adduced in Matter of Kina and therefore presented no proof on this issue in the instant case. We are thus presented with a case which in its inception presented an existing controversy. The rule, stated in Corpus Juris Secundum (vol. 1, Actions, § 17, subd. d) is that “ although a case may originally present an existing controversy, if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character it becomes a moot case or question which will not be considered by the court” (citing Southern Pacific Co. v. Eshelman, 227 F. 928). Thus the fact that this petition was initially proper and became academic while in the course of litigation, does not give the court jurisdiction to render judgment.
The court is also concerned with the practical results of permitting such proceedings as this in particular to be litigated when it is conceded that no release of funds is immediately possible. In this instance decedent’s sole distributee is alleged to have died and her four heirs now seek to have their rights declared. It is well within the realm of probability, in this case and in others of a similar nature, that before such time when the present distributees of Karoline Kraszewski succeed in proving their right to distribution other deaths among them will intervene. The estate may then be subjected to a series of profitless intermediate proceedings in no one of which can any real relief be granted but which could lead only to repeated expense to the distributees.
Under the circumstances herein, however, the court grants the motion to confirm the report of the Referee to the extent that it finds that the proof adduced establishes that the four children of Karoline Kraszewski are the persons presently entitled to the money deposited with the Director of Finance in the name of Karoline Kraszewski if the money could now be distributed. The cross motion of the petitioners is granted to the extent here indicated.