## MONYPENY et al. v. MONYPENY et al.

(Supreme Court, Appellate Division, Second Department. March 12, 1909.)

WILLS (§ 702*)—CONSTRUCTION—ACTION—PLEADING—SUFFICIENCY.

    A complaint alleged that the action was brought to construe a will under Code Civ. Proc. § 1866. All the parties were residents of Ohio, and testator was also a resident of that state, and all of his property, with the exception of certain land in this state, was within the state of Ohio. The will attempted to create various trusts, some of which would be invalid in the state of New York, and all of the defendants had been brought into court through the publication of summons. *Held*, that a demurrer to the complaint, on the ground that it does not state facts constituting a cause of action, was improperly overruled.

    [Ed. Note.—For other cases, see Wills, Dec. Dig. § 702.*]

Appeal from Special Term, Westchester County.

Action by Brunson B. Monypeny and another, by Alpheus H. Favour, guardian ad litem, against William Monypeny, executor, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

others. From an interlocutory judgment overruling demurrers to the complaint, defendants appeal. Reversed and demurrers sustained.

Argued before WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

W. C. Prime (Wm. Woart Lancaster, on the brief), for appellants. John Jay McKelvey, for respondents.

WOODWARD, J. The plaintiffs in this action, through their attorney, assert that this "action was brought to obtain a judicial construction of the will of William Monypeny, deceased, pursuant to section 1866 of the Code of Civil Procedure of the state of New York." All of the parties to the action are residents of the state of Ohio. The testator, whose will is involved, was a resident of the state of Ohio, and all of the property, with the exception of about 300 acres of unimproved land in the city of Yonkers, in this state, is within the state of Ohio. The will, which is made a part of the complaint, attempts to create various trusts, some of which would be clearly void in this state because of the fact that they are made to continue for a definite time, not measured by lives in being. All of the defendants, the principal ones being the executors and trustees named in the will, have been brought into the jurisdiction of the court through the publication of the summons, and the only possible justification for the action being brought in this state is the fact that this parcel of land exists, belonging to the decedent's estate. The action, we are told, is brought to obtain a "judicial construction of the will," under the provisions of section 1866 of the Code of Civil Procedure. The defendants have demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and these demurrers have been overruled; the learned court, in a memorandum, saying:

"I do not think that, in order to maintain an action under section 1866 of the Code of Civil Procedure, it is necessary for the plaintiffs to establish that they first requested the trustees to bring such action. The other objections urged by the demurring defendants depend upon the construction of the provisions of the will, and present questions proper to be determined upon the trial of the action, and not upon a demurrer to the complaint. The very object of the action is to secure such construction."

The learned court below must have overlooked the fact that the will is made a part of the complaint under the provisions of the fifth subdivision; for the proper office of a demurrer is clearly to determine whether the complaint, as a whole, does state facts sufficient to constitute a cause of action, and if the complaint, with the will attached, does not state a cause of action, then the defendants are not called upon to litigate the construction of this will in a foreign jurisdiction. We are of the opinion that the complaint should have been examined, in connection with the will, which is made a part of it, and that the question of law thus raised should have been disposed of on the merits.

We are equally clear that the plaintiff has misapprehended the scope and effect of section 1866 of the Code of Civil Procedure, under which this action is brought, and that it was never intended to give the courts of this state jurisdiction of an extraterritorial character, such as is here attempted. The will is an Ohio will, creating various trust estates.

The parties all reside in the state of Ohio, and the defendants are only constructively in our courts; and if we should go on and give a judicial construction of this will, what authority is there in the courts of this state to enforce its mandate? True, there is the real estate within this jurisdiction; but it does not belong to the executors or trustees, except in their representative capacities, and any attempt on the part of the courts of this state to determine the duties of executors and trustees under the provisions of a will made and probated in the state of Ohio, in relation solely to residents of that state, would be a mere impertinence, and our courts ought not to take jurisdiction of such an action, unless it is imperatively demanded by the terms of the statute. Section 1866 of the Code of Civil Procedure does not demand such action. It does not in language purport to give authority for the construction of wills. It simply provides that:

"The validity, construction or effect, under the laws of the state, of a testamentary disposition of real property situated within the state, or of an interest in such property, which would descend to the heir of an intestate, may be determined, in an action brought for that purpose, in like manner as the validity of a deed, purporting to convey land, may be determined."

That is, if a bona fide question arises as to the "validity, construction or effect" of a testamentary disposition of real property, the courts of this state may, in a proper action, determine the "validity, construction or effect" of such testamentary disposition. This does not attempt to give jurisdiction of the will, as a whole, permitting our courts to give judicial construction to a will of a foreign jurisdiction, affecting solely the interests of residents of a sister state, simply because there happens to be a piece of real property in this state. If there was any question whether title passed to this real property under the will, or if there was any question as to the identity of the property sought to be devised, or as to the effect of the testamentary disposition in disposing of the whole or part of the premises, it would be proper to bring an action under this provision of the Code of Civil Procedure to determine these questions, and the court would be called upon to construe the will, in so far as it related to the "validity, construction or effect" of the testamentary disposition; but there its powers and duties would end. It would have no power, in the absence of facts bringing the case within equitable cognizance, to go on and determine the purely academic questions relating to the duties of the trustees under the will. These trustees are within the exclusive jurisdiction of the courts of the state of Ohio, in so far as their trust duties are concerned; and, as there is no question presented by the complaint as to the "validity, construction or effect" of the testamentary disposition of the real property located in this state, there is no cause of action stated within the provisions of section 1866 of the Code of Civil Procedure. There does not even appear to be a legitimate controversy to be settled, even assuming the court to have jurisdiction.

It is alleged on information and belief that one of the defendants holds to a construction of the will differing from that of the plaintiffs, and that the trustees have refused to commit themselves; but it appears

from the complaint that from the time of the death of the testator in September, 1899, to the bringing of this action—

"the trusts created by the will have been carried out in accordance with the provisions of the will under the laws of the state of Ohio, as valid trusts, and all the parties interested have since the death of said testator in September, 1899, treated the said trusts as valid and existing trusts, and have accepted their interests under the said will as such, and in all respects the interests of the plaintiffs herein and of all of the beneficiaries under the said will have been assumed to be as fixed by the terms of the said will."

There is no allegation that any one has attempted to interfere with this status, or that any one has questioned the title of this real estate in the trustees; and the principal contention seems to be that by the terms of the will, giving the power of sale of the testator's real estate, the particular real estate involved in this action became converted into personal property, and that this should be held to be the proper construction of the will. But the question of whether this real estate is to be considered as real estate or personal property has nothing whatever to do with the "validity, construction or effect" of the testamentary disposition of the property. It might be important, on a question of whether the trustees in the state of Ohio were properly administering the property; but that is a question not open to the courts of this state under the provisions of section 1866 of the Code of Civil Procedure. "The validity of devises and limitations in wills, or of a power conferred thereby," say the court in Mellen v. Mellen, 139 N. Y. 210, 218, 34 N. E. 925, 927, "depends upon and is determinable by legal rules, and their determination must ordinarily await an occasion when, in a legal action or proceeding, a right under the devise or limitation, or the execution of the power, is asserted by one party, or denied by the other. * * * Moreover, the language of the statute is confined to actions to determine the 'validity, construction or effect of a testamentary disposition.' The question whether the power of sale given to the executor by the will of Abner Mellen is valid does not affect the 'testamentary disposition' made by the testator of his lands. It is collateral to the gift, and, whether exercised or not, does not change the substantial interest of the devisees under the will. The statute should be construed liberally, in aid of the remedy intended; but it would be unwise to so interpret it as to draw into the Supreme Court every controversy, however trivial, which could be suggested by a doubt as to the construction of some provision of a will not affecting some substantial interest thereunder."

And surely the statute ought not to be given a construction which would bring before our courts wills of a foreign state, affecting the interests of residents of that state only, where we would have no means of enforcing the judgment, and where it does not appear that any substantial right of the plaintiffs is touched. In a proper case the courts of Ohio may determine the duties of the executors or trustees under the will now before us, and they will have full power to direct the conversion of the real estate into personalty, if they determine that that is the proper construction of the will; but to drag citizens of the state of Ohio into this state to litigate an academic question as to the proper construction of a will affecting only the interests of citizens of

that state is about as great a perversion of statutory authority as could be well imagined. "What is meant by the expression 'validity, construction or effect of a testamentary disposition of real property,' etc. ?" asks the court in Anderson v. Anderson, 112 N. Y. 104, 112, 19 N. E. 427, 431, 2 L. R. A. 175. "Does it refer to the validity of the instrument itself making the disposition, or only to the validity, etc., of the disposition which the instrument makes? The language certainly is not apt to express the idea of an inquiry into the validity of the instrument itself, as to whether it was duly executed by a competent testator or not. It would seem rather to assume the valid execution of the paper, and to permit an inquiry in regard to the validity, construction, or effect of a disposition of real property which the instrument thus executed makes. Some force is given to this construction of the language by the provision in the section that the judgment in such an action may properly enjoin a party from setting up or impeaching, not the instrument itself, but the devise which is contained in it. This language would seem to provide for the case of a devise contained in an instrument where due and proper execution is assumed, but which devise was to be adjudged good or bad as it should be determined that it was in accord with or against the law upon the subject of such devise. We think that the language of the section does not include the right to bring an action in equity for the purpose of determining the validity of the will itself, as to whether it was executed by a competent testator without restraint, etc., and with proper formalities."

Surely if the action will not lie to test the validity of the will itself, it will not lie to test the general construction of the will or its effect upon a trust estate created in a neighboring jurisdiction; and as the action is not within the letter or the spirit of the provisions of section 1866 of the Code of Civil Procedure, and this court has no inherent equitable jurisdiction over trusts which belong in their creation, execution, and beneficial interests in the state of Ohio, it follows that the complaint does not state facts sufficient to constitute a cause of action, and that the demurrers should have been sustained.

The interlocutory judgment appealed from should be reversed, and the demurrers should be sustained, with costs.

MILLER, J., concurs.

GAYNOR, J. This is an Ohio will, but it is entirely proper to bring an action for its construction in this state in reference to real estate of the testator situated in this state, and that is all that this action is. There is no effort to have it construed in any other respect, and, if necessary, it would have to be construed in that respect. The learned and able justice below overruled the demurrer to the complaint which is on the ground that the complaint does not state facts sufficient, giving as his reason that a complaint which presents a case calling for the construction of a will states a cause of action, and must be tried on an answer, as a judgment of construction can be given only upon such a trial, and not upon a demurrer. In this reason he was entirely correct; and the only question therefore is whether the complaint states a case calling for a construction. And in deter-

mining this the rule seems to be that a mere pretense will not do; that there must be a real question of construction, and not a mere frivolous one. It may be true that in determining that the question is only frivolous, the will is actually construed in the respects presented; but such seems to be the rule nevertheless, on the ground that the court ought not to take jurisdiction of a frivolous case. Horton v. Cantwell, 108 N. Y. 255, 15 N. E. 546.

The clause of the will presented for construction leaves one undivided one-fifth of the testator's estate, real and personal, to trustees to pay the income thereof to the father of the plaintiffs for life, the principal to be transferred and conveyed by the trustees to his children absolutely on his death and on the youngest child coming of age. There is a general power of sale of the real estate by the will to the executors and trustees. The father is dead. The alleged question for construction is, first, whether there is an equitable conversion of the realty into personalty by the will, and, second, whether the trust is a valid one, the plaintiffs claiming that it is. If it be not valid, then there would be an intestacy in respect of this undivided one-fifth part of the real estate, and it descended to the plaintiff's father and three other heirs of the testator, in which case the interest of these two plaintiffs in the said one-fifth would be only one-fourth thereof. If it be valid, it is unimportant to decide whether there be such equitable conversion of the real estate, for in either case the plaintiffs are entitled to the said one-fifth at the end of the trust, whether in realty or personalty; and as the power of sale may be exercised up to that time, they may get it in personalty, even though there be no equitable conversion.

No reason whatever is given for even a suggestion that the trust is void. It is so plainly valid as not to be open to discussion on that head. And equally frivolous is the claim of an equitable conversion. There is no mandatory power of sale, nor is an equitable conversion necessary to the carrying out of the simple scheme of the will.

It seems timely to say, however, that demurrers to such complaints should not be encouraged, unless the plaintiff have no interest or status to maintain the action, or the like, for questions of construction which are open to argument at all may not be treated as frivolous, and the rule as to frivolousness is therefore an uncertain one. The question may be just as well tried on an answer in every case.

The judgment should be reversed and the demurrer sustained.

JENKS, J., concurs with GAYNOR, J.