MONYPENY et al. v. MONYPENY et al.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

1. COURTS (§ 4*)—CONSTRUCTION—JURISDICTION—RIGHT TO SUE.

　　Where defendants, trustees under a foreign will, had possession of all the property of which their testator died seised, and there was no claim that they had ever had any difficulty in disposing of testator's real estate in New York, no rights of plaintiffs having been interfered with, plaintiffs could not maintain a suit in New York to establish the validity, construction, or effect of the will, in so far as it affected real estate in New York, under Code Civ. Proc. § 1866, providing for such an action under different circumstances.

　　[Ed. Note.—For other cases, see Courts, Dec. Dig. § 4.*]

2. COURTS (§ 4*)—JURISDICTION—LOCATION.

　　Where plaintiffs resided in Ohio, where also the trustees of testator's estate, in which they were interested, resided, and where the trust was created and the major portion of the estate was located, and substantially all the beneficiaries resided, the courts of that state were the proper ones

to afford relief, since a construction of the will by the New York courts would be advisory only, for want of power to enforce its decree outside the state.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 4.*]

Appeal from Special Term, Westchester County.

Action by Brunson B. Monypeny and another against William Monypeny, as executor and trustee under the will of William Monypeny, deceased, and others. From a judgment sustaining demurrers to plaintiffs' amended complaint, in an action to establish the validity, construction, and effect of a testamentary disposition of real property situated in New York, under Code Civ. Proc. § 1866, plaintiffs appeal. Affirmed.

See, also, 131 App. Div. 269, 115 N. Y. Supp. 804.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, JENKS, and CARR, JJ.

Alpheus H. Favour and Joseph O. Skinner, for appellants.

W. C. Prime and W. W. Lancaster, for respondents executor and administratrix.

Clifton P. Williamson, for individual respondents.

WOODWARD, J. When this case was before this court in Monypeny v. Monypeny, 131 App. Div. 269, 115 N. Y. Supp. 804, we held that the complaint failed to state a cause of action, differing somewhat as to the grounds for reaching this conclusion, and the demurrers to the complaint were sustained. Subsequently the complaint was amended, and the pleader has evidently made an effort to get his facts in such shape as to avoid the points discussed. We are persuaded, however, that the complaint does not state facts which entitle the plaintiffs to maintain this action, for there is no material right of any of the plaintiffs involved. It is conceded that the trustees under the will of William Monypeny, deceased, have possession of all of the property of which he died seised, and there is no allegation that there has ever been any difficulty in the way of these trustees disposing of the real estate within this state, except that it is alleged that the trustees, on selling a portion of the property, found it necessary to get deeds or releases from all of the heirs at law. But there appears to have been no difficulty in this, and no rights of the plaintiffs appear to have been interfered with in the slightest degree. The trustees, who are defendants, do not ask for any relief. They appear satisfied with their possession of the premises, and if the plaintiffs, residents of the state of Ohio, have any grievances against the managers of the estate, who are likewise citizens of Ohio, where the trust was created, and where the major portion of the estate is found, and where substantially all of the beneficiaries reside, that is the proper jurisdiction in which to seek relief. There it can be made effective; here it would be merely advisory, for want of power in the court to enforce its decree outside of the state.

The questions attempted to be litigated in this action are, as we have previously pointed out, purely academic. They do not involve any

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

material rights of the plaintiffs, and courts are maintained for practical purposes, not for the entertainment of litigants.

The judgment appealed from should be affirmed, with costs. All concur.